John Doe, *ex dem.,* Charles J. Davenport, et al., plaintiff in error, vs. Richard Roe, casual ejector, Obadiah R. Harris, defendants in error.

[1.] It is not error for the Court to allow irrelevant testimony to be withdrawn from the jury.

[2.] Plaintiff may introduce the sayings of a person through whom the defendant claims title in an action of ejectment, to prove the loss or destruction of a deed, to lay the foundation for introducing secondary evidence of its contents; but if such secondary evidence be admitted, notwithstanding the rejection of such evidence, it is no ground to reverse the judgment of the Court upon.

[3.] A tax execution against a tax collector and his surety, must be issued by the Comptroller General; and when the Sheriff who made a sale under it, delivers it to the Solicitor General, the presumption is that he delivered it at that office, and before secondary evidence of it can be given, an enquiry and search should be made there for it.

Ejectment.    Tried before Judge WORRILL, October Term, 1858, Taylor Superior Court.

Suit was brought by the plaintiff in error, on the several demises of John L. Brooks, Charles J. Davenport and others, against the defendants in error, for a lot of land in Taylor county.   On the trial, plaintiff read in evidence a copy plot and grant from the State to said John L. Brooks, of the land in dispute.   He then proved the possession of the premises by the tenant, Harris, at the commencement of the suit.   He then read in evidence a deed from Raymond Davenport to his son, Charles J. Davenport, dated 5th December, 1839, and closed his case.   The suit was commenced in August, 1857.

Defendant then read in evidence a deed to said lot of land, from B. Lockhart to one Stuckey, dated 31st December, 1850; and then proved that said Stuckey, either by himself or his tenants, had been in possession of the land ever since that date.   B. Lockhart was in possession of the land the year before he sold it to Stuckey.

The testimony of B. Lockhart, taken by commission, was then read by defendant.   [This witness had been released by Stuckey, from liability on his warranty.]   Witness went on the land in dispute in December, 1848; bought the land from J. C. Lockhart; got a deed from J. C. Lockhart, and had made diligent search for it, but could not find it; supposed the deed was inadvertently burned by witness, along with some papers that were worthless; did not remember who were the witnesses to the deed; witness remained on the land from December, 1848, until he sold it to Stuckey, at which time Stuckey went into possession of it; William

Sears bought the land in dispute at Sheriff's sale, at Taze-well, (then the site of the court-house of Marion county,) in 1839 or 1840, and remained in possession, by tenant, about eight years, and until the death of said Sears, when the land passed to Julius C. Lockhart, under a bequest in the will of said Sears; had heard Sears say, his deed from the Sheriff was burned when the court-house at Tazewell was destroyed by fire. Defendant here closed his case, having first stated that he rested his title upon adverse possession, commen-cing in Julius C. Lockhart, and asking leave to withdraw from the jury all that portion of B. Lockhart's testimony which referred to the Sheriff's sale at Tazewell, and the say-ings of Sears as to the destruction of the deed. The Court allowed the withdrawal of the testimony, and plaintiff ex-cepted.

Plaintiff then proposed to read in evidence the testimony so withdrawn, his counsel stating in their places that they expected to prove the contents of the burnt deed, and that the land was sold by the Sheriff as the property of said Ray-mond Davenport. Defendants objected to the evidence; the Court sustained the objection, and plaintiff excepted.

Plaintiff then introduced the will of said Sears, dated April, 1848, and admitted to probate in August, by which said land was devised to Julius C. Lockhart.

*Mark H. Blanford, Esq.*, swore: That he had searched the offices of the Clerk of the Superior and Inferior Court of Marion county for the *fi. fa.* under which said land was sold, and the record of the Sheriff's deed, and could not find them; that most of the records and papers belonging to said offices were destroyed when the court-house was burned in 1845.

Plaintiff then proposed to prove by *Jeremiah Wilchar*, that in 1842 or 1843 he, as Deputy Sheriff of Marion coun-ty, levied on and sold said lot of land as the property of Raymond Davenport, by virtue of an execution in favor of

the State of Georgia against one Hammock, a defaulting tax collector, and Raymond Davenport, his security; that said Sears was the purchaser; that a regular Sheriff's deed was made to Sears; that Randal W. Martin was one of the witnesses to the deed, and now lived in Florida; that he did not remember who the other witness was; that he delivered the *fi. fa.* (he thinks, but is not certain about it,) to Lang Lewis, who was then Solicitor General. To which testimony defendant objected, unless the plaintiff would produce the *fi. fa.* under which the land was sold; and the Court sustaining the objection, plaintiff excepted.

Plaintiff then took a voluntary nonsuit, reserving the right to take the case to the Supreme Court by writ of error.

BLANFORD; OWEN; REESE, for plaintiff in error.

SMITH & POU; CORBITT, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

[1.] The first assignment of error is on the decision of the Court allowing the defendant to withdraw that part of B. Lockhart's evidence which related to the Sheriff's sale at Tazewell, and the sayings of Sears as to the destruction of the deed from the Sheriff. The part of the evidence withdrawn was not material to the issue to be tried, or, if at all material, it was favorable to the party making the motion, and could not possibly prejudice the plaintiff The deed was a deed from the Sheriff to Sears, but the evidence did not disclose the name of the defendant whose property it conveyed. The evidence that the deed was burnt, was not relevant to the issue, and was only valuable as proof to the Court on a motion to introduce secondary evidence. The Court violated no rule of law in allowing irrelevant evidence to be withdrawn from the jury.

[2.] After the evidence was withdrawn by the defendant. the plaintiff offered to re-introduce it, for the purpose ex-

plained in the Reporter's statement of the case. If it was offered as evidence to be considered by the jury, it was inadmissible; but we see no objection to it as evidence to the Court to lay the foundation of introducing secondary testimony. The defendant claimed title through Sears, and Sears was dead. But the defendant was not injured by this ruling of the Court. The evidence had been before the Court and jury, and withdrawn from the jury, but the Court, perhaps, felt authorized to hold that the original deed had been accounted for sufficiently to authorize the admission of evidence of its contents; for that evidence was given by the witness, Wilchar, who was the officer who sold the land, and it was objected to only because the tax execution had not been produced. Was the evidence properly rejected on that account? Had the Sheriff's deed been in Court, it could not have been introduced without the production of the tax execution as the authority to the Sheriff to sell, or proof of its contents, if the absence of the original execution had been accounted for.

[3.] The plaintiff attempted to account for the original execution, but we think with the Court below, that he failed to do it. His counsel had searched the offices and records of the Clerks of the Superior and Inferior Courts of Marion county for the execution and deed, and could not find them. The court-house and records had been burnt. The witness, Wilchar, testified that he made a proper return of the *fi. fa.*, and he thinks delivered it to the Solicitor General. The execution was issued from the office of the Comptroller General, and ought to have been returned there. The Solicitor General must be presumed to have done his duty and delivered the execution to the proper-officer, or deposited it in his office. That officer was not examined. Hence, we sustain the judgment of the Court below.

Judgment affirmed.