ZIPPERER *v.* MAYOR AND ALDERMEN OF SAVANNAH.

128  135
f129  76u
130  72

1. An employee of a union-station terminal company, who is employed by the company to perform duties prescribed by it, and whose wages are paid by it, but who, by ordinance of a municipality, is clothed with the usual powers of a police officer, and made subject to all the rules, regulations, and ordinances governing city police, is not a member of the city police force whose dependent family may recover of such municipality compensation for his burial expenses and unearned salary, under an ordinance providing that "every member of said police force who is killed while in the discharge of his duty . . shall be buried at the expense (not to exceed $50) of the said city, and the dependent family of the same member shall receive his monthly salary for six months after his death."

2. A party to a cause is not entitled as a matter of right to withdraw legal and competent evidence voluntarily introduced by him, which is favorable to his adversary.

3. The court is not bound to suspend the trial of a cause to enable a litigant to procure additional evidence.

4. The proper practice where the plaintiff fails to make out a prima facie case, and the defendant offers no proof, is to enter a judgment of nonsuit. In such a case, where a verdict for the defendant has been directed and no errors have occurred in the trial, the judgment will be affirmed with direction that the plaintiff have leave to vacate the verdict and substitute therefor a judgment of nonsuit, when the remittitur is made the judgment of the court below.

Submitted March 12,—Decided April 12, 1907.

Complaint. Before Judge Cann. Chatham superior court. June 30, 1906.

Mrs. Maud L. Zipperer, as administratrix of the estate of her husband, E. O. Zipperer, and as his widow and head of his dependent family, consisting of herself and their minor child, Gladys, filed suit against the Mayor and Aldermen of the City of Savannah, for six months' salary, at $60 per month, and $50 funeral expenses, of her husband, alleging, that he was killed while in the discharge of his duty as a policeman of the City of Savannah; that under the ordinances of that city "every member of said police force who is killed while in the discharge of his duty, or dies from wounds received in the discharge of his duty, shall be buried at the expense (not to exceed $50) of the said city, and the dependent family of the same member shall receive his monthly salary for six months after his death;" that the funeral expenses of the deceased were more than $50, and were paid by the wife, and that due demand had been made on the city. The defendant denied any in-

debtedness, or that Zipperer was a policeman of the City of Savannah before or at the time of his death, and alleged that he was "a watchman at the Union Station in Savannah, but clothed with the necessary police powers to arrest, being in the pay of the Union Station Company, or of some other person than this defendant." On the trial, the court directed a verdict in favor of the defendant. The plaintiff excepts to the overruling of her motion for a new trial.

*Stubbs & Chapman,* for plaintiff.

*William Garrard* and *Samuel B. Adams,* for defendant.

EVANS, J. (After stating the facts.)

1. Before the plaintiff will be entitled to recover of the city by virtue of the ordinance declared on as fixing a liability, she must bring herself plainly within its terms. In the attempt to do this it developed that Zipperer, the deceased, was at the time of his death employed and paid by the Union Station Company. The trains of the Atlantic Coast Line (formerly the Savannah, Florida & Western Railway) and of the Seaboard Air-Line Railway run into that station, and both of these roads have property there. In addition to the ordinance set out in the foregoing statement of facts, the following ordinances were introduced: "To Form Part of Regular Police. The additional policemen provided for in the foregoing section of this ordinance shall be taken and held as a part of the regular police force of the City of Savannah, and the sergeants so appointed shall have all the authority of other sergeants in the police force, and the privates so appointed shall be held to be regular policemen of the City of Savannah, and liable to perform any and all of the duties of sergeants and policemen, and subject to the same rules and regulations as govern the city police in all particulars, and subject to obey the commands of the officers of city police, as are the present members of said city police." "Police for Savannah, Florida and Western Railway. The Savannah, Florida and Western Railway Company shall have the power to appoint fit and proper persons to be stationed at its wharves, depots, and yards, who shall be approved by the mayor, shall take the same oath, give the same bond, as required of the police, and shall be subject to perform the duties prescribed by the said company, and shall receive from said company such salary as it may deem proper, and said parties so appointed shall be subject to conform to all the rules, regulations, and ordinances governing the city

police." The plaintiff also introduced a bond headed, "Special Policemen Union Station," which recited that "whereas the above bonden E. O. Zipperer has been appointed by the mayor of said city a member of the city police, with the understanding and on condition that said E. O. Zipperer will faithfully serve the said city as a policeman, for the space of at least twelve months," etc., "now the condition of the above obligation is such that if the said E. O. Zipperer shall faithfully serve said city as a policeman for the said term of twelve months, unless sooner discharged by the mayor of said city, or unless rendered incompetent by sickness, and shall not at the end of said twelve months resign or vacate his said place as policeman without having given the mayor of said city at least thirty days notice of such resignation, then the above obligation to be void," etc. The oath of Zipperer was also introduced, wherein he swears that "I will, during my continuance in office, to the best of my skill and ability, faithfully discharge all the duties which may be required of me; and I will in all cases conform to the ordinances of the city and its police regulations, and forthwith report all violations of the ordinances which come to my knowledge." There was also testimony submitted tending to show that Zipperer was killed by a policeman of the city of Savannah, as the result of a dispute between them, and at the time of receiving the mortal wound Zipperer was in the uniform of a policeman, and on duty at the union station.

It will be noted that Zipperer was not employed by the city, and his duties were not defined by the city, other than those in the exercise of the functions of a policeman, in connection with the discharge of his duties to the Union Station Company by whom he was employed. The city neither paid nor obligated itself to pay for the services which he rendered. One employed by a private corporation to police its own property, who is paid by the employing company, and who is clothed with power to make arrests, and is subject to the control of the police department of the city government, is not a municipal officer, so as exempt his wages from process of garnishment. *Tabb* v. *Mallette,* 120 *Ga.* 97. There would seem to be an apparent conflict in the testimony as to the precise relation which Zipperer sustained to the city. In the bond and oath executed by him to the municipality he is described as a regular police officer, subject to the control of the municipal authorities. In the

ordinance authorizing the Savnanah, Florida and Western Railway Company to appoint fit and proper persons to be stationed at its depot, the person designated is recognized as an employee of the railroad company, but at the same time is required to take the oath and give the bond required of the city police, and to be subject to all the rules, regulations, and ordinances governing the city police. But whether or not the deceased sustained the relation of a policeman to the city for some purposes, it is certain that his dependent family, under the proof submitted, did not bring their case within the terms of the ordinance relied upon to establish the city's liability. In the first place, the ordinance does not purport to allow any definite sum in the nature of a pension fund. The dependent family "shall receive his monthly salary for six months after his death." Clearly the salary here referred to is that which the city would owe the policeman if he lived and performed his services. In effect it makes provision for the continuance of the salary for six months after the death of a policeman killed in the discharge of his duty. But Zipperer's salary was paid by the Union Station Company, a private corporation, and he was employed by this company to perform duties primarily due to it. It is true that he was empowered by a municipal ordinance to exercise the functions of a policeman in connection with the discharge of his duties to his employer, but the exercise of this official function was a mere incident of his employment. If he was not such a policeman as to be entitled, under the ordinance, to a continuance of his salary for six months, likewise he would not be entitled to a burial at the city's expense, as provided in the same ordinance.

2. Error is assigned upon the court's refusal to permit the plaintiff's counsel to withdraw from the consideration of the jury the ordinance conferring on certain employees of the Savannah, Florida and Western Railway Company the usual powers of police officers of the city of Savannah. This evidence tended to show that Zipperer was an employee of a private corporation, and not a policeman of the city of Savannah, and it was relevant as tending to establish this contention of the defendant. When a party voluntarily introduces competent and relevant testimony which is favorable to his adversary, he is not entitled, as a matter of right, to withdraw it from the record. 2 Elliott's Gen. Prac. §593. A witness who has delivered testimony hurtful to the party introducing him can

not be withdrawn; but if the party has been entrapped by the witness, the law permits his impeachment by the party introducing him. Civil Code, §5290. The rule is different where the testimony is neither legal nor relevant. Where illegal or irrelevant testimony has crept into the record of the case, it is always in order to withdraw it. *Salter* v. *Williams,* 10 *Ga.* 187; *Davenport* v. *Harris, 27 Ga.* 68.

3. The court refused the request of plaintiff's counsel to suspend the trial to enable the plaintiff to procure evidence in aid of her case. If a party is not ready for trial, and has sufficient cause for postponement to a later date, he should move for a continuance. After the trial is under headway the court is not bound to suspend it so as to give a party time to get more evidence to strengthen his case.

4. The plaintiff failed to make out a prima facie case, and the court directed a verdict at the conclusion of her evidence. The proper practice in such a case is to enter a judgment of nonsuit. But as the plaintiff failed to prove her case, the judgment will not be reversed, but direction is given that if she so desires, the verdict be vacated, and a judgment of nonsuit be entered. *Barnes* v. *Carter,* 120 *Ga.* 895.

*Judgment affirmed, with direction. Fish, C. J., absent. The other Justices concur.*