## ALLEN *v.* ALLEN.

1. After a witness had so described improvements erected on land as to enable the jury to determine their character, it was proper to exclude, as mere conclusions, his further testimony that they were substantial and such as a man would place on his land, rather than of the character that a man would place on land that he rented.

2. It is no cause for reversal, that, after the plaintiff had testified that he moved on the land after the date of the alleged gift of which he

was seeking specific performance, his further statement that he so moved "in pursuance of the gift" was excluded.

3. The question, "Did you understand that it was a deed to carry out the contract?" was subject to the objection that it was leading.

4. Description of land in question, *held* not too indefinite as basis for specific performance.

5. Under the rule that a contract in parol for sale of land, and its terms, should be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement of which specific performance is sought, the evidence on the trial under review was too indefinite and insufficient to support a decree on the theory of a gift of a part of the land or of a sale of a part.

No. 1953. DECEMBER 17, 1920. ADHERED TO ON REHEARING, MARCH 5, 1921.

Equitable petition. Before Judge Hodges. Madison superior court. February 16, 1920.

*John J. Strickland* and *Clarence E. Adams,* for plaintiff.

*Thomas J. Shackelford, Shackelford & Meadow,* and *Berry T. Moseley,* for defendant.

ATKINSON, J. George T. Allen instituted an action against his father, George H. Allen, for specific performance. The contract, as alleged in the petition as amended, was to the effect that the defendant, desiring to divide certain of his real estate among his children, set apart and put the plaintiff in possession of 85 acres of land, under a parol agreement that inasmuch as the other children were to receive only 50 acres the plaintiff should pay to the defendant annually the sum of 2040 pounds of lint-cotton, so long as defendant lived or so long as he exacted the same; the defendant to make a deed to plaintiff, "in proper form, conveying said described tract of land to petitioner for life, and then to his children if any, and if not, to the heirs of" the defendant. It was also alleged that on faith of the gift the plaintiff had made valuable improvements on the land, and had made annual payments in cotton to the defendant as stipulated. In the answer there was a denial of the contract; and an issue was presented by the pleadings, as to whether the contract had been made as alleged, and whether the improvements on the land were made at the expense of the plaintiff or the defendant. The defendant contended that plaintiff's occupancy was as the defendant's tenant. After the close of the evidence introduced by both sides, the judge directed a verdict for the defendant. The plaintiff made a motion for new trial, which was overruled, and he excepted.

1. Where a witness for the plaintiff described certain improvements made upon the land by the plaintiff, in such manner as to

enable the jury to determine the character of the improvements, his further testimony that the improvements were "substantial in character," and were of such "character that a man would place on his land," rather than "the character that a man would place on the land that he rented," amounted to mere conclusions of the witness and were properly excluded from evidence.

2. After the plaintiff, testifying in his own behalf, stated that he moved on the land after the date of the alleged gift, it was not cause for reversal to exclude his further testimony that he moved on the land "in pursuance of the gift."

3. The court did not err in refusing to allow the plaintiff, while testifying in his own behalf, to answer the question, "Did you understand that it was a deed to carry out the contract?" the question being objected to on the ground that it was leading.

4. The description of the land was not too indefinite to be the basis of a decree for specific performance. The description was: "a tract of land located in Madison County on a road leading from Lonny Williams' gin to the Danielsville and Athens road at the J. F. Colbert place, bounded on the north by lands of Van Jenkins, on the east by lands of W. T. Allen, on the south by lands of Hassey T. Rowe, and on the west by lands of W. J. Glenn and Robert Born, and contains eighty-five (85) acres, more or less, and being the place on which petitioner now resides."

5. "Where specific performance is sought for the enforcement of a parol contract for the sale of lands, such contract and the terms thereof should be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." *Lloyd* v. *Redford,* 148 *Ga.* 575 (97 S. E. 523), and cit. There was no attempt in the evidence to separate any particular 50 acres to which a gift might apply from any 35 acres to which a sale might apply; nor did the evidence disclose any agreement to execute a deed at any specified time. Moreover the plaintiff's evidence was to the effect that he was to make specified payments in cotton until the death of defendant or until he ceased to exact payment, and that neither of these events had occurred before institution of the suit. Under these circumstances the evidence was too indefinite to support a decree of specific performance on the theory of a gift of a part of the land, and too indefinite and otherwise insufficient to support a decree for specific performance on the theory of a sale of a part of the

land. Construing the evidence for the plaintiff in its most favorable light, the judge did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*