### 18158. KAYLOR *v.* CARROLLTON BANK.

JENKINS, P. J. 1. In a suit against a bank on an alleged contract for services, where the plaintiff undertakes to show that the bank, while suspended in its ordinary operations as such, managed and controlled its property through a finance committee composed of certain individuals who had authority to make the contract sued on, it is the general rule that the minutes of the corporation should be introduced to show the action of its directors and stockholders conferring such authority, and it is only when such minutes are silent upon the question involved that parol testimony or other proof is admissible to prove such authority as would bind the corporation. *Caudell* v. *Athens Savings Bank,* 140 *Ga.* 713 (79 S. E. 776); *Bank of Garfield* v. *Clark,* 138 *Ga.*

Appeal and Error, 4 C. J. p. 1148, n. 67 New.
Evidence, 22 C. J. p. 998, n. 46.

798 (7), 799 (76 S. E. 95). A different rule would apply where the question involved is not whether the bank is bound by the contract of an alleged agent, but whether the agent' can be held responsible for his own illegal acts done in behalf of the bank. In such a case it would be competent for a witness to testify that the designated person in fact controlled the bank, irrespective of his authority to do so. *Cabaniss* v. *State*, 8 *Ga. App.* 129 (11), 142 (68 S. E. 849). Accordingly, the court did not err in rejecting the parol testimony offered by the plaintiff to establish the authority of the agent to contract, without any effort having been made to produce the best evidence of his authority.

2. "The proper practice where the plaintiff fails to make out a prima facie case, and the defendant offers no proof, is to enter a judgment of nonsuit. In such a case, where a verdict for the defendant has been directed and no errors have occurred in the trial, the judgment will be affirmed with direction that the plaintiff have leave to vacate the verdict and substitute therefor a judgment of nonsuit, when the remittitur is made the judgment of the court below." *Zipperer* v. *Savannah*, 128 *Ga.* 135 (4) (57 S. E. 311). This rule is not in conflict with another rule, set forth in *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538 (2) (17 S. E. 663), which provides that "where the plaintiff fails to make out a case, and the presiding judge, after so deciding, announces that he intends to direct a verdict for the defendant, thus giving the plaintiff an opportunity to take a nonsuit or dismiss his petition, neither of which is done, and the case is then disposed of by directing a verdict, there is no error." In the *Thompson* case, as was pointed out in *Proctor & Gamble Co.* v. *Blakely Oil &c. Co.*, 128 *Ga.* 606, 616 (57 S. E. 879), "the direction of a verdict for the defendant did not follow the exclusion of evidence by which the plaintiff might have made out his case; but it came after the plaintiff, with fair and full opportunity to present his case to the jury, had shown that, with all his evidence in and none introduced by defendant, a legal recovery by him was impossible." A litigant is privileged to test a ruling excluding testimony offered by him, without being penalized. If, upon the ruling excluding the plaintiff's essential testimony, he had voluntarily taken a nonsuit or had voluntarily dismissed his petition, he would not have been permitted to except to that ruling. *Proctor & Gamble Co.* v. *Blakely Oil &c. Co.* supra, p. 615. Therefore the rule in the *Thompson* case, planted upon the plaintiff's having had an opportunity, and without penalty, to take a nonsuit rather than a directed verdict, has no application in a case where the exercise of such an option would have rendered him powerless to test the ruling complained of. It follows, that although the direction of a verdict was erroneous, yet since no other errors occurred in the trial, the judgment of the court below should be affirmed, with direction that the plaintiff be permitted to vacate the judgment rendered and substitute therefor a judgment of nonsuit when the remittitur is made the judgment of the court below. See *Equitable Mfg. Co.* v. *Davis*, 130 *Ga.* 67, 72 (60 S. E. 262) ; *Callahan* v. *Atlantic Ice & Coal Corp.*, 33 *Ga. App.* 330, 334 (126 S. E. 278).

*Judgment affirmed, with direction. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 16, 1928.

Complaint; from Carroll superior court—Leon Hood, judge pro hac vice. April 7, 1927.

*Smith & Taylor,* for plaintiff.

*Boykin & Boykin,* for defendant.