## PRESTON *v.* PORTER FERTILIZER COMPANY.

HINES, J. 1. If in a claim case the plaintiff in fi. fa. fails to make out a prima facie case, the remedy of the claimant is a motion to dismiss the levy, and not a motion to direct a verdict in his favor. *Barnes* v. *Carter,* 120 *Ga.* 895 (48 S. E. 387); *Zipperer* v. *Savannah,* 128 *Ga.* 135 (57 S. E. 311); *Equitable Mfg. Co.* v. *Davis,* 130 *Ga.* 67 (60 S. E. 262); *Stewart* v. *Mundy,* 131 *Ga.* 586 (4) (62 S. E. 986); *Decatur County Bank* v. *Thomason,* 31 *Ga. App.* 299 (120 S. E. 642). It follows that if a plaintiff in fi. fa. failed to make out a prima facie case, the court did not err in refusing to direct a verdict in favor of the claim-

ant upon his motion for such direction, made at the conclusions of the evidence introduced by the plaintiff in fi. fa.

2. Moreover it is never reversible error for the court to refuse to direct a verdict. *Walton* v. *Sikes*, 165 *Ga.* 422 (15) (141 S. E. 188). For this reason the court did not err in overruling the ground of the claimant's motion for new trial in which he excepted to the refusal of the court to direct a verdict in his favor.

3. A widow is not required to elect between a child's part and dower until there is administration on the estate of the husband. *Smith* v. *King*, 50 *Ga.* 192.

4. A widow by her conduct may cause a presumption that she has made an election to take a child's part, and in such case the burden is upon those who are seeking to show that she did not so elect. *Farmers Banking Co.* v. *Key*, 112 *Ga.* 301 (37 S. E. 447); *Rountree* v. *Gaulden*, 128 *Ga.* 737 (58 S. E. 346); *Harris* v. *McDonald*, 152 *Ga.* 18, 19 (108 S. E. 448).

5 Where a widow, after the lapse of more than seven years from the death of her husband on whose estate there was no administration, and without having applied for dower, by warranty deed in consideration of natural love and affection conveyed to their children her undivided interest in the home place of the husband, such transaction raised a strong presumption of election to take a child's part in the real estate of the husband; and the burden is upon those who are seeking to show that she did not so elect.

6. This presumption was not rebutted by proof of statements made by the widow, years previous to this transaction, that she did not have any interest in this land, that she would not elect to take any interest in it, that she would not have anything to do with it, that if she had any interest in it her children could have it; and by proof that she had testified, in a fraudulent debtor's attachment case brought against her and her son to subject this land, that she had no interest in her husband's estate, and made the further statement that her husband did not want her to have any of his estate, and that she did not want any of it; it not appearing that any person had acted upon these statements to his injury.

7. Where a parol contract for the sale of an interest in land, whereby one heir at law agreed to sell to the other heirs at law his share and interest in certain lands in payment of his indebtedness to the estate of their father, and by which such other heirs agreed to take and did take his share and interest in such lands in payment of his indebtedness to the estate, is sought to be set up by a claimant to defeat the lien of a judgment subsequently obtained against the selling heir, such contract and the terms thereof should be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement. *Everett* v. *Towns*, 17 *Ga.* 15; *Beall* v. *Clark*, 71 *Ga.* 818; *Gordon* v. *Spellman*, 148 *Ga.* 394 (96 S. E. 1006); *Lloyd* v. *Redford*, 148 *Ga.* 575 (97 S. E. 523); *Allen* v. *Allen*, 151 *Ga.* 278 (5) (106 S. E. 81); *Ezell* v. *Mobley*, 160 *Ga.* 872, 876 (129 S. E. 532).

8. The evidence submitted by the claimant to establish such parol con-

tract[8] not being of the character required by the rule laid down in the preceding headnote, the trial judge did not err in the direction of a verdict finding the interest of such heir subject to the judgment and execution obtained against him subsequently to the making of the alleged contract of sale. *Allen* v. *Allen*, supra.

9. In view of the above rulings, it is unnecessary to pass upon other assignments of error made in the motion for new trial. The court did not err in directing the verdict for the plaintiff.

*Judgment affirmed. All the Justices concur.*

No. 7155. OCTOBER 17, 1929.

*E. L. Reagan,* for plaintiff in error. *C. L. Redman,* contra.