20941.   SHARPE *v.* SEABOARD AIR-LINE RAILWAY COMPANY.

DECIDED MARCH 31, 1931.

*W. T. Burkhalter,* for plaintiff.

*H. H. Elders,* for defendant.

LUKE, J.   Annie Lee Wilkerson brought her action for damages against Seaboard Air-Line Railway Company in the superior court of Tattnall county. The petition contains three counts: the first count alleging that the defendant's westbound freight-train struck and killed plaintiff's husband, Thomas Wilkerson, some time between midnight and daylight on July 10, 1927, at a point in Tattnall county about one mile west of Collins, Ga.; the second count alleging that the defendant's employees forced said Wilkerson to attempt to get off the train while it "was running fast," and that in so doing his clothing caught in the machinery of the train and the cross-ties, causing him to be thrown under the train and "mangled to pieces and killed by the wheels of the train;" and the third count alleging that said Wilkerson "had dropped dead and was lying on the said railroad-track lifeless" when said train ran

over and mangled his body. In its answer the defendant denied every material allegation of the petition. Upon the conclusion of the evidence in behalf of the plaintiff the court, on motion, directed a verdict for the defendant. The exception here is to the judgment overruling the motion for a new trial containing the usual general grounds and two special grounds: the first special ground complaining that in any event the court had no legal right to do more than grant a nonsuit, and that the direction of a verdict was error; and the second special ground averring that the direction of a verdict was erroneous for the reason that the plaintiff made out such a case as should have been submitted to the jury. In the entire brief of evidence, consisting of more than twenty-three pages, which have been subjected to careful examination, only two facts pertinent to the inquiry as to the proximate cause of the alleged catastrophe are shown: first, that the mangled remains of the plaintiff's husband were found on the railway-track; and, second, that the unfortunate victim probably could not have walked or run from a place where he had previously been seen, to the place where his remains were found, within the period of the estimated time required for the train to run in the same direction from the former to the latter place. In short, it clearly appears from the record that the plaintiff's evidence failed to make out a prima facie case against the defendant on any one of the three counts of the petition. Furthermore, since the Supreme Court of the United States held that section 2780 of the Civil Code (1910) was unreasonable and arbitrary and violative of the due-process clause of the fourteenth amendment of the constitution of the United States, no presumption of negligence could be created against the defendant railway company by proof that the plaintiff's husband was struck by its train. W. & A. Railroad v. Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884) ; L. & N. R. Co. v. Campbell, 40 Ga. App. 130 (148 S. E. 920).

"The proper practice, where the plaintiff fails to make out a prima facie case, and the defendant offers no proof, is to enter a judgment of nonsuit. In such a case, where a verdict for the defendant has been directed and no errors have occurred in the trial, the judgment will be affirmed with direction that the plaintiff have leave to vacate the verdict and substitute therefor a judgment of nonsuit when the remittitur is made the judgment of the court

below." *Gowen* v. *New Orleans Naval Stores Co.*, 157 *Ga.* 107 (2) (120 S. E. 776) ; *Zipperer* v. *Savannah*, 128 *Ga.* 135 (57 S. E. 311) ; *Kaylor* v. *Carrollton Bank*, 37 *Ga. App.* 664 (141 S. E. 422). It appears that the basic reason for the foregoing rule is that when the plaintiff is not allowed the privilege of dismissing his case or taking a nonsuit, he is denied the valuable right accorded him by the Civil Code (1910), § 4381, of renewing his action. See *Gowen* case, supra. See also *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538 (2) (17 S. E. 663), where the plaintiff had opportunity to take a nonsuit or dismiss his petition and did neither, and the Supreme Court held there was no reversible error. It would appear from the reasoning in the *Gowen* case that the case at bar comes within the rule there laid down. However, since the above-cited code section provides that "this privilege of dismissal and renewal shall be exercised only once under this clause," and it appears from the record that the plaintiff had exhausted that privilege by exercising it once already, she appears to have lost no substantial right by reason of the judge's directing a verdict for the defendant instead of awarding a nonsuit. Therefore, it would be a vain and a foolish thing for this court to affirm the judgment with direction that the verdict be vacated and a nonsuit substituted therefor. We therefore see no merit in the first special ground of the motion for a new trial.

It follows from what has been said that, in our opinion, there is no merit in the special grounds or in the general grounds of the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*