23761. BULLOCH *v.* HUTCHESON.

DECIDED MAY 18, 1934.

*William H. Trawick,* for plaintiff.
*Watkins & Shapiro,* for defendant.

GUERRY, J. ■ N. H. Bulloch sued George Hutcheson for the sum of $400. The petition alleged: that during the year 1927

the plaintiff loaned the defendant a Fordson tractor, to be used in plowing seven acres of land and then to be returned to the plaintiff in as good condition as it was when received by the defendant; that its value at the time of the delivery was $400; that the defendant injured and damaged said tractor by using the same, and he promised to equip said tractor with new parts and return it to petitioner, but failed and refused to do so, and in addition has left it out in the weather where it has been exposed for two years or a long period of time until it is ruined and has no value; that he has frequently demanded of the defendant the return of the tractor, and the defendant has promised repeatedly to return it to him and settle with him on account of the damage done the same, but has refused and failed to do so; that the tractor was worth $400 when defendant received it, and defendant is now indebted to plaintiff in said sum *on account of damage to and destruction of said tractor;* that the tractor now has no value whatever, due to the negligence and carelessness of the defendant, and due to his failure to return the same to plaintiff and repair it as he agreed to do.

The evidence introduced by the plaintiff showed that the tractor was loaned to the defendant in 1924 or early in 1925, with a promise by the defendant to take "good care of it and bring it back in same shape he got it." Defendant still has the tractor, and some time thereafter told plaintiff that he had to spend $57 thereon in repairs. He also told plaintiff: "It is under the shelter. I am taking good care of it; it is not injured; if you would just as soon, we'll let it stay down there until I can have a convenient way to send it back. I can't drive it." Defendant stated that the tractor was not in his, the defendant's, way, and he would not charge for storage. "I told him to send it back as soon as he could, and he said he would." He repeated similar promises at intervals, but has never returned it. "I don't know where the tractor is now, the last time I saw it, it was over there close to Mr. Hutcheson's aviation field, on the side of the ditch." There was other evidence in the case which is not material here, but there was no evidence as to the value of the tractor at the time of suit, nor was there any evidence as to the extent of the damage by reason of its use or the alleged failure of the defendant to preserve and protect it from the elements.

If this were a suit for conversion, the measure of damages would

be the value of the property at the time of the conversion. It is not alleged or shown that the property has been destroyed and is not now in esse, but it is alleged that the defendant has failed to care for the same and caused it to become worthless, by his lack of care. It is expressly alleged and proved that the defendant does not claim title or right of possession of the property. The plaintiff might have treated the failure of the defendant to return the property as a conversion thereof. "When a transaction partakes of the nature of both a tort and a contract, the party complainant may waive the one and rely solely upon the other." Civil Code (1910), § 4407. If the possession of the tractor had been wrongfully obtained by the defendant, the plaintiff would have been compelled to bring his action in tort if he were still in possession of the same. *Cragg* v. *Arendale,* 113 *Ga.* 181 (38 S. E. 399). Error is assigned upon the ground that "after the introduction of evidence upon the part of the plaintiff," the trial judge "passed an order nonsuiting the case and directing a verdict in favor of defendant and for the costs in said case." Error is also assigned upon the ground that the court erred in permitting the verdict and judgment to be rendered against the plaintiff, "for the reason that plaintiff below and plaintiff in error here had proved his case as alleged." The plaintiff introduced his evidence and rested. The bill of exceptions states that the court passed an order nonsuiting the case and directing a verdict. This was quite impossible. The plaintiff failed to prove his case as alleged, by reason of the fact that there was no evidence as to the present value of the property alleged to have been damaged or the amount of damage by failure to keep it out of the weather. The suit was against the defendant as bailee, for failure to preserve and protect property and return the same in good condition to the plaintiff. A nonsuit, under the evidence, would have been proper. A direction of a verdict because plaintiff has not proven his case as laid is error. While the bill of exceptions states that a nonsuit was awarded, the record, by which this court is controlled, shows a verdict by the jury for the defendant. In *Equitable Mfg. Co.* v. *Davis,* 130 *Ga.* 67 (60 S. E. 262), it was said: "If upon the conclusion of the plaintiff's evidence no prima facie case for recovery has been made, it is error to grant a motion of the defendant to direct a verdict for him, over the plaintiff's objections; but a nonsuit should be awarded, that the plaintiff may

174

have the right to renew his suit." See also *Hines* v. *McLellan*, 117 *Ga.* 845 (45 S. E. 279) ; *Barnes* v. *Carter*, 120 *Ga.* 895 (48 S. E. 387) ; *Copeland* v. *Jordan*, 147 *Ga.* 601 (95 S. E. 13) ; *Exposition Cotton Mills* v. *W. & A. R. Co.*, 83 *Ga.* 441 (10 S. E. 113) ; *Preston* v. *Porter Fertilizer Co.*, 169 *Ga.* 288 (150 S. E. 149) ; *Kaylor* v. *Carrollton Bank*, 37 *Ga. App.* 664 (141 S. E. 422). In *Zipperer* v. *Mayor &c. of Savannah*, 128 *Ga.* 135 (57 S. E. 311), it was said: "In such a case, where verdict for defendant has been directed and no errors have occurred in the trial, the judgment will be affirmed with direction that the plaintiff have leave to vacate the verdict and substitute therefor a judgment of nonsuit when the remittitur is made the judgment of the court below." That suit was an action against the defendant as a borrower, and the defendant was liable for any neglect in failing to care for the thing borrowed. Civil Code, § 3519. Damage to the thing borrowed must be shown where no suit for conversion is maintained. In *Bates* v. *Bigby*, 123 *Ga.* 729 (51 S. E. 717), it was said: "Where, however, a contractual relation exists between the parties, such as that of bailor and bailee, so that the the latter rightfully obtains possession of property, a tort arising out of the breach of the bailee's duty imposed by his relation may be waived by the bailor and assumpsit maintained, the reason being that the relation of the parties out of which the duty violated grew had its inception in contract." The plaintiff in the present case, by his pleading, did not sue in assumpsit, but sued for failure to return and for damage to property loaned. The value of the property at the time of its delivery is not the measure of damage under the allegations of the present petition, but the damage if any is the difference in the value at the time of the suit and its value at the time of its delivery, which diminution or deterioration is alleged to have been caused by the action or negligence of the defendant. As said above, no such damage was shown by the evidence.

In *Blount* v. *Beall*, 95 *Ga.* 182 (22 S. E. 52), it appears that a ring was pledged in 1879 by a sister to a brother, for the payment of a loan. The loan was repaid in a short time, but the ring was not returned when demanded, but continued promises to return were made. In 1890 the pledgee admitted that he had lost the ring and promised to pay $500 therefor. In the decision it was said: "The statute of limitations does not begin to run in favor of a bailee un-

til he denies the bailment and converts the property to his own use." Also (p. 191) : "We do not think the pledgor was bound to treat a mere failure to deliver upon demand as a conversion of the property pledged. She might have done so or she might have relied upon the repeated promises of the bailee to make restitution—he at no time claiming any interest in the thing bailed—and thus a continuing bailment existed up to the time of an actual adverse holding or claim by the deceased." It is not shown by the allegations of the petition or the evidence in the present case that the cause of action sued upon was barred by the statute of limitations.

*Judgment affirmed, with direction. Broyles, C. J., and MacIntyre, J., concur.*