25179. RAWSON *v.* TIFT, administrator.

JENKINS, P. J. 1. "Adverse possession of personal property for four years shall give a title by prescription. No prescription arises if the property is concealed or removed out of the State, or otherwise is not subject to reclamation." Code of 1933, § 85-1706. Under this section, title by prescription does not arise unless the property is held adversely under a claim of title, as where the property is held by a bailee for the true owner. *Blount* v. *Beall,* 95 *Ga.* 182 (22 S. E. 52); *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (156 S. E. 603); *Bulloch* v. *Hutcheson,* 49 *Ga. App.* 171, 174 (174 S. E. 645). Accordingly, in the instant case, the petition in trover was not subject to demurrer on the ground that the petition showed on its face that the defendant had acquired a good title by prescription.

2. In a trover action for the recovery of personal property by a plaintiff, suing as temporary administrator, where the petition showed that plaintiff's intestate died in the year 1891, more than forty-four years prior to the appointment of plaintiff as temporary administrator and the filing of his suit, and alleged that the property sued for was first held by the grandson of the intestate as property of the estate, and was by him delivered to, received, and accepted by a third party, with the under-

standing that it was the property of said estate, and was in turn delivered by the third party to defendant, who in like manner received and held it as the property of said estate, while the petition was not subject to demurrer on the ground indicated in the preceding paragraph, it was subject to other grounds of demurrer interposed: (1) because no demand for the return of the property was alleged; and (2) because, in view of such lapse of time, the defendant was entitled to know, on demurrer being filed, whether there had ·been any previous administration, for the reason that if such had been the case a suit for the benefit of the estate would not lie by a temporary administrator, but only by an administrator de bonis non. See Code, § 113-1209; *Hodges* v. *Stuart Lumber Co.*, 140 *Ga.* 569, 572 (79 S. E. 462).

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 13, 1936.

*Thomas H. Milner, E. L. Smith,* for plaintiff in error.
*Leonard Farkas, Walter H. Burt,* contra.