## 28454. LYNN v. THE STATE.

UNDERCOFLER, Justice. The appellant was convicted of rape, two counts of burglary, false imprisonment, possession of a firearm during the commission of a felony, and criminal trespass. He appeals. *Held:*

1. Enumeration of error number one presents the question of whether the victim of an alleged rape may be cross examined as to specific acts of prior sexual intercourse with men other than the defendant. "No question of evidence has been more controverted." I Wigmore on Evidence (3d Ed.), p. 682, § 200. In recent years this court has divided on this issue. See *Andrews v. State,* 196 Ga. 84, 98 (26 SE2d 263); *Teague v. State,* 208 Ga. 459, 464 (67 SE2d 467); *Frady v. State,* 212 Ga. 84 (2) (90 SE2d 664). The opposing views are fully set forth in these cases as well as many textbooks and no purpose would be served in reiterating them here. It is sufficient to state that we adopt the majority rule that such evidence is inadmissible for either impeachment purposes or on the issue of consent. As said in Wigmore, supra, "In the United States, the law in the various jurisdictions is not uniform; but the exclusionary rule prevails, in some form, in the greater number of jurisdictions." 3 Underhill's Criminal Evidence (5th Ed.), p. 1766, § 766 states: "Most jurisdictions hold that previous acts of intercourse between the prosecutrix and others than the accused are inadmissible, but there is a large minority group. . . [The] more satisfactory reason [for the rule] is that her consent in the case of one man does not imply consent in the case of another." Indeed, it is our opinion that this is the settled law of Georgia as established by the unanimous cases cited in the majority opinion of *Andrews v. State,* 196 Ga. 84, supra. See also 65 AmJur2d 810, § 83. The victim in the instant case testified she never had any sexual relations with the defendant.

2. Appellant contends that the trial court erred in denying his motion for new trial "following the appellee's offering of evidence regarding a polygraph examination administered on

the person of the victim to the alleged rape." The witness testified that he had given the victim a lie detector test. Upon objection, the court excluded any evidence regarding the test and instructed the jury to disregard the fact that a lie detector test had been administered. The court's instructions to the jury and a review of the entire record compels a conclusion that the evidence that a lie detector test had been given to the victim, if error, was harmless.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 3, 1973 — DECIDED JANUARY 7, 1974.

*Jay William Fitt,* for appellant.

*E. Mullins Whisnant, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Michael W. Dyer, Deputy Assistant Attorney General,* for appellee.