## 30025. NATIONS v. THE STATE.

NICHOLS, Chief Justice.

The defendant was tried and convicted of rape and sentenced to life imprisonment. He appeals from the conviction as well as the overruling of his motion for new trial and enumerates nine alleged errors.

1. The first enumeration of error complains of the failure to permit the defendant to inspect material in possession of the district attorney (the results of a polygraph test of the victim). It was contended that such evidence was favorable to the appellant. "There is no Georgia statute nor rule of practice which requires the district attorney to open his files to the attorney for the accused, nor is the accused entitled as a matter of right to receive copies of police reports and investigation reports made in the course of preparing the case against the client. [Cits.]" *Henderson v. State,* 227 Ga. 68, 77 (179 SE2d 76); *Lynn v. State,* 231 Ga. 559 (203 SE2d 221). There is no merit in this enumeration of error.

2. The second and third enumerations of error complain of the failure to grant a continuance until the next term of court to give retained counsel time to prepare to defend his client, and the failure to name the retained counsel as leading counsel. Counsel who was appointed

for appellant soon after his arrest made a successful motion for bail, investigated the case and had announced "ready" when the case was called for trial. Retained counsel had been hired the day before the trial by the appellant's family. Retained counsel also represented a juvenile co-defendant involved in the same transaction and was familiar with the case. The trial judge allowed appointed counsel to stay and assist retained counsel inasmuch as appointed counsel had announced "ready" and retained counsel was insisting upon a continuance in order to prepare for trial. There were two hearings held on the motion for continuance, and at the conclusion of the second hearing retained counsel was still insisting upon a continuance.

"The leading counsel is he who, at the time of the trial or raising of any issue connected with the cause, is, in the judgment of the court, the counsel upon whom the client relies more than any other." Code § 9-609. The trial court did not abuse its discretion in naming an appointed counsel as leading counsel where the defendant had expressed no preference and appointed counsel was ready for trial, while the retained counsel was insisting upon a continuance in order to prepare for trial. See also Code § 24-104 (4).

The trial judge did not abuse his discretion in refusing to grant a continuance until the next term nor was it an abuse of discretion to name appointed counsel as leading counsel. These enumerations of error are without merit.

3. The fourth enumeration of error complains that the trial court erred in restricting cross examination of the victim as to prior sexual experiences. This court has put to rest this question by the unanimous opinion in *Lynn v. State,* 231 Ga. 559, supra, where it is stated: "It is sufficient to state that we adopt the majority rule that such evidence is inadmissible for either impeachment purposes or on the issue of consent." There is no merit in this enumeration of error.

4. The sixth and seventh enumerations of error complain of the admission in evidence of a written statement by the juvenile co-defendant. Counsel for the defendant offered the statement in evidence. It was

rejected by the court although it was allowed to be made a part of the record. Later after the GBI agent who received the statement testified, the statement was again offered by defendant's counsel and received in evidence by the court. Between the time the statement was first offered and the allowance in evidence, counsel requested and was granted a recess to confer. After the court overruled the district attorney's objection to the statement, counsel moved to withdraw the statement. The statement being favorable to the defendant on the issue of consent, the trial judge refused to allow its withdrawal from the jury's consideration. By the admission of this statement the defense lost its right to the concluding argument. In *Freeney v. State,* 129 Ga. 759, 766 (59 SE 788), this court said: "The court refused to allow the evidence to be withdrawn so as to give the defendant the right to the opening and conclusion. This was not error, under the case of *Zipperer v. Mayor & Aldermen of Savannah,* 128 Ga. 135 (57 SE 311). While in this case the effort to withdraw was doubtless made in entire good faith (and we do not mean to intimate anything to the contrary), yet the establishment of a rule that the defendant has the right to introduce evidence and afterwards withdraw it and claim the opening and conclusion of the argument might lead to a situation not contemplated by the statute." Since the statement went to the issue of consent, which was the theory of defendant's defense, it is academic at this stage whether the concluding argument would have been more helpful than the statement.

"One cannot complain of a judgment, order or ruling that his own conduct procured or aided in causing." *Bennett v. Bennett,* 210 Ga. 721 (2) (82 SE2d 653). It is also contended that defendant was unable to cross examine the maker of the statement because he had taken the Fifth Amendment. A reading of the record reveals that counsel for the defendant asked the trial judge to advise the witness of his "right to testify or not to testify," when the witness was called. These contentions are without merit.

5. The eighth enumeration of error complains of the overruling of defendant's motion for mistrial made during the argument by state's counsel to the jury. The argument complained of in the first part of the enumeration of error

is that state's counsel referred to the juvenile co-defendant as the "Fifth Amendment man." The witness invoked the privilege in the presence of the jury and the jury was well aware of this fact. It would be the proper subject of argument for whatever inference the jury may draw from his refusal to testify. *Bennett v. State,* 231 Ga. 458 (2) (202 SE2d 99).

The other argument excepted to was simply an urging by state's counsel for conviction phrased in general terms and not subject to the objection made. This enumeration of error is without merit.

6. The ninth enumeration of error complains of the failure of the trial court to give a requested charge dealing with the amount of force necessary to constitute the offense of rape. The charge as requested was not a correct statement of law, the subject matter was adequately covered in the general charge as given by the court, and this enumeration of error is without merit.

7. The evidence authorized the verdict and the trial court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Gunter, Ingram and Hill, JJ., who dissent.*

ARGUED JUNE 10, 1975 — DECIDED JULY 1, 1975.

*Martin W. Welch,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson,* for appellant.

HILL, Justice, dissenting.

In my view, several of the enumerations of error in this case should be considered in their entirety (like instructions to a jury), rather than in isolation.

The rape allegedly occurred on September 16, 1974. Appointed counsel was appointed September 24 and announced ready on the morning of October 8. Shortly thereafter retained counsel was employed, appeared in court, and moved for continuance. Appointed counsel discussed his withdrawal from the case with the court, but the court ruled (without objection) that appointed counsel

would not be relieved as counsel in the case. The motion for continuance was overruled but was renewed the following day at which time retained counsel (who was representing a juvenile charged as a result of the same event) testified that he had not had time to investigate or prepare. The court designated appointed counsel as leading counsel, to which retained counsel objected. The trial commenced October 10. The state called the juvenile co-defendant as a witness. His attorney (also retained by this defendant) asked that he be advised of his right not to incriminate himself. The juvenile was so advised and declined to testify. The two defense attorneys disagreed on whether to put into evidence the statement given by the juvenile co-defendant, retained counsel offering it and appointed counsel objecting to it on the basis that the defense thereby would lose the right to open and close the argument of counsel.

Like too many cooks, too many lawyers can spoil a trial. We are not here concerned with the rights of lawyers, however, but with the rights of the defendant.

In my view, the court erred in designating appointed counsel as leading counsel without consulting the defendant and over the objection of retained counsel. This error led to further difficulties if not errors.

Two Code sections bear on this subject. Code § 9-609 is relied upon by the majority. It provides: "The leading counsel is he who, at the time of the trial or raising of any issue connected with the cause, is, in the judgment of the court, the counsel upon whom the client relies more than any other." In my view, where a defendant has an appointed attorney and also retained counsel, the fact that the defendant has retained an attorney raises a strong presumption that he relies more on retained counsel than on appointed counsel.

However, Code § 9-608 is also pertinent here. It provides: "When two or more attorneys, being employed on the same side, dispute about the direction to be given to their cause, and the client is not present, the judge shall hear all the facts and give preference to the leading counsel." In this case, although the defendant was not present in chambers when leading counsel was designated over the objection of retained counsel, the

defendant apparently was in the courthouse and was available in any event (he testified in regard to the motion for continuance shortly after the designation of leading counsel).

In a criminal case, where a defendant has appointed and retained counsel, to which no objection is made, and a dispute arises as to who is to be leading counsel, the defendant should be consulted.

Code § 9-610 might also be considered but in my view an appointed attorney is not an "employed" attorney within the meaning of that section.

I recognize that a cunning defendant might obtain a continuance by the late retaining of counsel. There is not even a remote hint in this case that counsel was retained late for the purpose of gaining a continuance. Notwithstanding the possibility that the use of retained counsel is capable of abuse, I believe that the constitutional right to counsel includes the right of the defendant to select leading counsel.

In my view, the court erred in designating appointed counsel as leading counsel without consulting the defendant. After this initial error, further difficulties were inevitable.

I would grant the defendant a new trial, at which such difficulties are unlikely to arise.

I am authorized to state that Justice Gunter and Justice Ingram join me in this dissent.