36674. STROUD v. THE STATE.

MARSHALL, Justice.

This is the appellant's appeal from his conviction for murdering Charles Mutashobya. The appellant was sentenced to life imprisonment. We affirm.

On the day of the murder, the appellant had taken his girl friend, Tonya Jean Cook, to the University Barber Shop to have her eyebrows arched. Ms. Cook stopped to talk to the victim before entering the barber shop. The victim was then stopped by the appellant, and, after they exchanged a few words, the appellant pulled a pistol out of his car and shot the victim to death. At Ms. Cook's apartment after the shooting, the appellant admitted to her that he had shot the victim.

Mrs. Catherine Davis was an eyewitness to the shooting. Shortly after the shooting, the police approached a group of people, which included Mrs. Davis, and asked them if anyone had seen the shooting. Mrs. Davis did not respond, because the question had not been addressed to her individually and because she was scared. However, a few days before the appellant's trial, the police were informed by another person that Mrs. Davis had in fact seen the shooting. The police went to interview Mrs. Davis, and she told them she had seen a

picture of the man who had done the shooting in a newspaper article concerning an escape of several prisoners from the Fulton County Jail. However, Mrs. Davis had not read the article. Mrs. Davis later picked out the appellant's picture from a photographic array shown her by the police.

1. In the first enumeration of error, the appellant argues that the trial court erred in denying his motion for new trial on the general grounds. We disagree. The evidence, when viewed in the light most favorable to the verdict, is sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt. E.g., *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

In this enumeration of error, the appellant also argues that Tonya Jean Cook is an accomplice of his within the meaning of Code § 38-121, thereby necessitating the corroboration of her testimony. We disagree. See *Moore v. State,* 240 Ga. 210, 211 (240 SE2d 68) (1977). In any event, we find that the testimony of Ms. Cook was amply corroborated.

2. In the second, third and fourth enumerations of error, the appellant argues that the in-court identification testimony of Catherine Davis should have been suppressed for the following reasons: (a) the state failed to include her name on the list of witnesses demanded by the appellant, as required by Code Ann. § 27-1403; (b) her in-court identification of the appellant was tainted by her viewing the appellant's picture in the newspaper prior to trial; and (c) the state failed to comply with the appellant's Brady motion, in that the appellant was not apprised of the fact that Mrs. Davis had been questioned by the police on the day of the murder and that she had made statements favorable to the appellant.

(a) We disagree with the appellant's argument that the trial court should have suppressed the testimony of Catherine Davis in that her name was not included on the list of state's witnesses demanded by the defense.

Code Ann. § 27-1403 allows the state to present a witness whose name does not appear on the list of witnesses furnished the defendant, if the prosecuting attorney states in his place that the evidence sought to be presented by the witness is newly discovered evidence which the state was not aware of at the time of its furnishing the defendant with a list of witnesses. In this case, the prosecuting attorney did state in his place that Mrs. Davis' testimony was newly discovered. The trial judge allowed Mrs. Davis to testify and gave the defense counsel the opportunity to examine the witness prior to trial, thereby extending to the defendant those rights which § 27-1403 is intended to protect. *Butler v. State,* 139 Ga. App. 92 (1) (227 SE2d 889) (1976). We find no error.

(b) We are also in disagreement with the appellant's argument that Mrs. Davis' testimony should have been suppressed because it was tainted by her viewing the appellant's picture in the newspaper prior to trial.

The appellant argues that, due to the fact that Mrs. Davis viewed his picture in the newspaper prior to picking him out of the photographic array shown to her by the police, there was a "substantial likelihood of irreparable misidentification," thereby mandating the exclusion of her testimony under Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199) (1967). What Stovall v. Denno, supra, and related cases seek to prevent is the admission of identification testimony derived from suggestive identification procedures employed by the police prior to trial. See Manson v. Brathwaite, 432 U. S. 98 (97 SC 2243, 53 LE2d 140) (1977); *Heyward v. State,* 236 Ga. 526 (224 SE2d 383) (1976) and cits. In Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968), the Court held that a conviction based on a witness' in-court identification of the defendant, when the witness has been previously exposed to a suggestive photographic array, would be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very "substantial likelihood of irreparable misidentification." As noted in Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), the central question is whether, under the "totality of the circumstances," the identification is reliable even though a pretrial identification procedure was suggestive.

In this case, the appellant does not argue, and there is nothing in the record to indicate, that the photographic array shown the witness by the police was impermissibly suggestive. Therefore, it would appear as though Stovall and the previously-cited U. S. Supreme Court decisions are inapposite. In any event, we have reviewed the witness' in-court testimony, and we find that she positively identified the appellant at trial based on her observation of him at the scene of the murder. It cannot be said that her viewing of the appellant's picture in the newspaper prior to trial gave rise to a "substantial likelihood of irreparable misidentification." We conclude that, under the "totality of the circumstances," the witness' in-court identification of the appellant was reliable, thereby making her testimony admissible even assuming the existence of a suggestive pretrial identification procedure that would invoke Stovall.

(c) Finally, we hold that there is nothing in the record to support the appellant's argument that, shortly after the murder, Mrs. Davis had made statements to the police that were favorable to him.

It is true that, under Brady v. Maryland, 373 U. S. 83 (83 SC

1194, 10 LE2d 215) (1963), the prosecution is required to turn over to the defense evidence which is favorable to the accused and material to guilt or punishment. *United States v. Agurs,* 427 U. S. 97 (96 SC 2392, 49 LE2d 342) (1976). However, " '[t]here is no Georgia statute nor rule of practice which requires the district attorney to open his files to the attorney for the accused, nor is the accused entitled as a matter of right to receive copies of police reports and investigation reports made in the course of preparing the case against the client. (Cits.)' *Henderson v. State,* 227 Ga. 68, 77 (179 SE2d 76); *Lynn v. State,* 231 Ga. 559 (203 SE2d 221)." *Nations v. State,* 234 Ga. 709 (217 SE2d 287) (1975).[1] And, in this case, the fact that this witness did not identify the appellant until immediately prior to trial was divulged at trial. Therefore, there has been no suppression. *Chafin v. State,* 246 Ga. 709 (6) (1980).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1980 — DECIDED NOVEMBER 14, 1980.

*Michael E. Hancock, Stanley P. Herndon,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.

---

[1] We do note, however, that in 1980 the General Assembly enacted Code Ann. § 27-1302 (Ga. L. 1980, p. 1388), which allows the defendant to discover a copy of any statement given by him while in police custody, and Code Ann. § 27-1303, which allows the defendant to discover a copy of any written scientific reports in the possession of the prosecution which will be introduced in the prosecution's case-in-chief or in rebuttal against the defendant.