*Samuel J. Winn* and *F. C. Foster,* for defendants.

---

## ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.* HARDY, administratrix.

1. Where, in an action against a railroad company for the negligent killing of a person, the petition is framed in separate paragraphs consecutively numbered, in which it is plainly and distinctly averred that such person was killed by the operation of the defendant's locomotive and cars, and the answer to these paragraphs only denies the allegations "so far as the negligence of this defendant or its employees is charged," the killing of the person by the defendant's locomotive and cars is not a controverted fact, and any error in receiving evidence tending to establish this fact is harmless.

2. A party who voluntarily offers the testimony of a witness taken by interrogatories, some of which testimony is beneficial to his adversary, where no objection is made to the interrogatories being received in evidence, will not be permitted, over the protest of the opposite party, to withdraw the interrogatories from the consideration of the jury.

3. The Tennessee statute requiring the observance of certain precautions by railroads at designated public crossings, as construed by the Supreme Court of that State, does not apply to switching operations within the yards of a railroad company. But where there was no evidence that the injury complained of happened in a railroad yard, there was no error in instructing the jury that the railroad company would be liable in damages for a violation of the statute.

4. Where, in an action based in part on a statute of the State of Tennessee, which requires that every railroad company, in approaching a public crossing, shall keep the engineer, fireman, or some other person always on the lookout ahead, the defendant introduces evidence tending to show compliance therewith, it is error to charge the jury "that to comply with this statute the lookout must be in such a position on the locomotive as to enable him to see ahead, and he must be vigilant and watchful. If from that position the object was visible and yet not seen, the jury would be well warranted in finding that the person was not on the lookout, that he was not vigilant on the lookout. If he does not with due care and vigilance see what could have been seen, he would not be in the discharge of his duty." Such an instruction is an expression of opinion as to contested facts.

5. The charge on the measure of damages was not subject to the criticism made thereon.

Submitted January 14,—Decided August 11, 1908.

Action for damages. Before Judge Fite. Dade superior court. April 29, 1907.

*R. J. & J. McCamy* and *J. P. Jacoway*, for plaintiff in error.

*Arnold & Arnold* and *Harvey Hill*, contra.

EVANS, P. J. This was a suit by Katherine C. Hardy, as administratrix of Earnest F. Hardy, against the Alabama Great Southern Railroad Company to recover damages for the wrongful death of the plaintiff's intestate, caused by the running of the engines and cars of the defendant. It was alleged that while the deceased was going over a public crossing in the city of Chattanooga, State of Tennessee, in the exercise of due care, "a train of the defendant approached and dashed upon the crossing in a negligent manner and upon and over the decedent and mangled and killed him." Specific acts of the defendant's negligence were alleged. The plaintiff also specially pleaded sections 1574 and 1575 of the Code of Tennessee of 1896, which requires the overseers of every public-road crossing by a railroad to place at each crossing a sign marked, "Look out for the cars when you hear the whistle or bell," and requiring the following precautions to be observed by railroads. On approaching every crossing so distinguished the whistle or bell of the locomotive shall be sounded at the distance of one-fourth of a mile from the crossing, and at short intervals till the train has passed the crossing; on approaching a city or town the bell or whistle shall be sounded when the train is at the distance of one mile, and at short intervals till it reaches its depot or sta-

tion; and on leaving a town or city the bell or whistle shall be sounded when the train starts, and at intervals till it has left the corporate limits; every railroad company shall keep the engineer, fireman, or some other person upon the locomotive always upon the lookout ahead, and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident. Every railroad company that fails to observe these precautions or cause them to be observed by its agents or servants, shall be responsible for all damages to persons or property occasioned by, or resulting from, any accident or collision that may occur. It was alleged that the defendant failed to comply with the requirements of the foregoing statute. The statute of Tennessee authorizing an action by the personal representative of one whose death is caused by the wrongful act, omission, or killing by another was specially pleaded. The defendant denied that the death of the plaintiff's intestate was caused by its negligence, and pleaded that the injury alleged to have been received by the decedent was occasioned by his own gross negligence. The jury returned a verdict for the plaintiff, and a motion for a new trial was made by the defendant, which being overruled, it brings error.

1. Several of the assignments of error in the motion for new trial complain that the court allowed certain testimony tending to establish that the plaintiff's intestate was killed by the running of the cars of the defendant railroad company. As the only effect of this testimony was to show that the plaintiff's intestate was killed by the operation of the defendant's locomotive and cars, it is immaterial whether the evidence was competent or incompetent for this purpose; because, inasmuch as the allegation of this fact in the petition was not denied in the answer, the truth of it was not an issue in the case. The allegations of the petition were separated in orderly and distinct paragraphs, numbered consecutively. The second, third, fourth, and fifth paragraphs of the petition distinctly and plainly alleged that the intestate of the plaintiff came to his death by being run over by the engine of the defendant, and that the defendant was negligent in divers particulars specifically set forth in these paragraphs. In its answer the defendant denied the allegations of these paragraphs, "so far as the

negligence of this defendant or its employees is charged." In no other part of the plea was there a denial that the deceased was killed by the locomotive and cars of the defendant company. The Civil Code, §4961, declares that when a petition shall set forth a cause of action in orderly and distinct paragraphs numbered consecutively, any averment distinctly and plainly made therein, which is not denied by the defendant's answer, shall be taken as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such averment because of the want of sufficient information. The failure of the defendant to deny the allegation which alleged that the plaintiff's intestate was killed by it in the operation of its locomotive and cars, or to explain why it could neither admit nor deny such averment, is an admission of the fact, and in the trial of the case it was not a controverted issue that the locomotive and cars which killed the deceased were those operated by the defendant.

2. Objection was made to the withdrawal of the interrogatories of a witness after the same had been formally and voluntarily offered in evidence by the plaintiff. Where a witness is offered and on his examination facts prejudicial to the party who offers him are developed, the testimony of such witness will not be allowed to be withdrawn over the objection of the opposite party. If such a practice were allowable, trials would be interminable, and the cross-examination of an adverse witness, instead of being a beneficial right, would degenerate into the veriest farce. When testimony comes in without objection, it becomes a part of the record, and the party who offers it can not deprive his adversary of the benefit of such testimony. The rule is different where testimony is allowed over objection. A party who has offered testimony which the court has admitted against objection by the opposite party may, before the evidence is concluded, ask to have it withdrawn from the consideration of the jury, and the court may grant such motion. The opposite party can not complain of the withdrawal of evidence allowed over his objection, for such withdrawal would in effect be sustaining the objections made to it. It is always in order to strike out illegal evidence—to eliminate a taint which affects the legality of the whole trial. But where a party introduces a witness who delivers testimony without objection being made to it, he has no right to withdraw it, nor

can the court allow it to be withdrawn over the protest of the adverse party. If a witness delivers' testimony hurtful to the party introducing him, and if the party offering the witness has been entrapped by him, the remedy which the law gives to avoid the probative value of the testimony is to allow his impeachment. And the rule as to the withdrawal of evidence is the same with depositions and interrogatories where they are put in evidence without objection. A party who voluntarily offers interrogatories of a witness, as a whole, will not be permitted to withdraw them. There is even ·less reason to insist on the withdrawal of interrogatories than oral testimony delivered on the trial. In the former instance the party offering the testimony knows what is contained in the interrogatories, whereas in the latter the examination of the witness may disclose unexpected and· sometimes surprising information. See, in this connection, *Zipperer* v. *Savannah,* 128 *Ga.* 135 (57 S. E. 311).

3. The sixth and eighth grounds of the motion complain of certain charges upon the statute of Tennessee, requiring the observance of certain precautions by railroads at public crossings. These charges are said to be erroneous, because the statute does not apply to trains engaged in switching within the limits of a railroad yard. In Railroad *v.* Pugh, 95 Tenn. 419 (32 S. W. 311), this statute was construed, and it was held that the statutory precautions for the prevention of accidents are not applicable to switching operations within the yards of a railroad company. It appeared in the evidence that the plaintiff's intestate was run over and killed by a switch-engine upon a public-road crossing; but there is nothing in the evidence which remotely suggests that the place of the homicide was within the yards of the railroad company.

4. The court charged, "Now,. gentlemen, in this connection I charge you that to comply with this statute [as set out in the statement of facts] the lookout must be in such a position on the locomotive as to enable him to see ahead, and he must be vigilant and watchful. If from that position the object was visible and yet not seen, the jury would be well warranted in finding that the person was not on the lookout, that he was not vigilant on the lookout. If he does not with due care and vigilance see what could have been seen, he would not be in the discharge of his duty." This charge is alleged to be error, because it is an ex-

pression of an opinion as to what would constitute due care on the part of the lookout. It needs no argument to demonstrate that this is a just criticism thereon. The railroad company produced as witnesses the employees who were upon the locomotive and cars which killed the plaintiff's intestate. They testified that they had maintained a vigilant lookout and otherwise complied with the statute, and that they did not see the deceased until the locomotive was within a few feet of him before he was crushed. It was for the jury to say whether if they had maintained a vigilant lookout the servants of the railroad company would have seen him earlier; and the court should not have instructed the jury that if from the position of the person whose duty it was to look out the object was visible and yet not seen, the jury would be well warranted in finding that the person was either not on the lookout, or was not vigilant.

5. Complaint is made that the court erred in charging the jury that "the mere fact that the party is a trespasser and is injured while unlawfully on the track of a railroad company while contributing to the injury by his own carelessness or negligence, if the injury could have been avoided by the use of ordinary care and caution by the railroad company, it will be liable for damages. But the amount of the recovery would be reduced in proportion to the amount of default or negligence of the plaintiff." The error assigned is that the instruction does not take into account the relative negligence of the railroad company and the person injured. The Tennessee statute upon which the action in part is based declares that the railroad company failing to observe the statutory precaution shall be responsible for all damages to persons resulting from any accident or collision that may occur. The Tennessee law prescribing the quantum of recovery does not appear in the record, and the criticism upon the charge is, not that the rule given in charge does not conform to the Tennessee law, but that the charge as given fails to take into account the relative negligence of the railroad company and the person killed. It is not open to this criticism.

*Judgment reversed. All the Justices concur.*