## PULLIAM *et al.* *v.* ADAMS *et al.*

FISH, C. J. 1. An exception to a charge as a whole furnishes no ground for reversal unless the charge as a whole is erroneous. In this case the entire charge was not erroneous.

2. Several judgment creditors of a husband brought an action against him and his wife, in which certain conveyances made by him to her were attacked for fraud, and by which it was sought to subject the property so conveyed to the debts held by the petitioners against the husband. The petition alleged that an execution in favor of one of the petitioners against the husband had been levied on the land covered by one of the conveyances, that the wife had interposed a claim thereto, and that the claim case was pending in the court in which the petition was brought; and it was sought to have the claim case disposed of in the trial of the equitable petition. The wife in her answer admitted the allegations in respect to such levy and claim. On the trial of the equitable action the court gave to the jury the following instruction: "The burden, of course, is on the plaintiffs to show that this property is subject, unless it is shown to have been in possession of the defendant at the time of the levy. If so, the burden then would be on the claimant to show that the property was hers." *Held*, that while such instruction would be applicable on the trial of a claim case, and was not appropriate on the trial of an equitable action of the character of the present one, yet as the Civil Code (1910), § 3011, declares that "when a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair," thus placing upon both the husband and wife at least as great a burden as was put upon the wife by the instruction complained of, such instruction, in view of the code law just quoted, and of the entire charge and the evidence, did not require the grant of a new trial.

*Judgment affirmed. All the Justices concur.*

SEPTEMBER 29, 1914.

Equitable petition. Before Judge Meadow. Elbert superior court. November 9, 1912.

*C. P. Harris* and *George C. Grogan,* for plaintiffs in error.

*Z. B. Rogers, P. P. Proffitt,* and *J. N. Worley,* contra.