## MACON, DUBLIN AND SAVANNAH RAILROAD COMPANY *v.* MUSGROVE.

1. Where suit was brought by one as an employee of a railroad company engaged in interstate commerce, to recover damages for a personal injury, under the act of congress of 1908 (amended in 1910), known as the Federal employers' liability act, on the trial it was error, over objection, to allow the plaintiff to testify that he had a wife and child.

2. Where there was evidence that the plaintiff lost his arm by reason of the injury complained of, and was unfitted for work of the character which he had previously done, and that he had done some work of different sorts, there was no error in admitting evidence that since the December preceding the trial he had had no active employment, coupled with the statement that he had attempted to get work during that period, but had been unable to do so.

3. Where the presiding judge in his charge informed the jury that they would have the petition and answer in the jury-room with them, and that such papers contained the contentions of the parties respectively, the use of the expression that "the plaintiff in his declaration sets out the reasons why he is entitled to recover," furnishes no cause for reversal. The jury could not have understood the judge as asserting that the plaintiff was entitled to recover.

4. In the absence of a request to charge more fully on the subject, the instruction as to the allegations of the petition and the admission or denial of them in the answer, or the statement that the defendant could neither admit nor deny certain allegations, was not subject to the criticism that he did not sufficiently instruct the jury as to the effect of an averment in the answer that the defendant could neither admit nor deny certain allegations of the petition.

5. In a suit by an injured employee of a railroad company engaged in interstate commerce, based on the Federal employers' liability act of 1908 (amended in 1910), if the evidence authorized a charge on the subject of the doctrine of the assumption by an employee of risks arising from negligence of the master, it was error to charge unqualifiedly that the employee never assumes any risk or danger that grows out of the negligence of the master.

6. In a suit of the character indicated above, and especially under the evidence, there was no error in refusing a request to give the following in charge: "If you should find from the evidence that the plaintiff, Musgrove, had the choice of two ways of getting on his cab, the one safe and the other dangerous, I charge you that he was under a duty to the railroad company to select the safe way; and if, instead of so doing, he selected the dangerous way, and that he knew or ought to have known of the danger, he can not recover of the railroad company for injuries thus sustained."

AUGUST 18, 1916.

Action for damages. Before Judge Hardeman. Toombs superior court. April 9, 1915.

*Minter Wimberly, W. L. Wilson,* and *Akerman, Akerman & McManus,* for plaintiff in error.

*Reuben R. Arnold* and *Colquitt & Conyers,* contra.

LUMPKIN, J. Musgrove brought suit against the Macon, Dublin and Savannah Railroad Company, to recover damages for a personal injury. As originally brought the petition contained two counts. The plaintiff, however, elected to rely only on the first count, which was based on the Federal employers' liability act. He recovered a verdict for $3,500. A new trial was refused, and the defendant excepted.

1. In a suit by an employee of a railroad company, under the Federal employers' liability act (enacted in 1908 and amended in 1910) for a personal injury to himself, it was error to permit him to testify that he had a wife and child. Relatively to his right or lack of right to recover against the railroad company, or the amount of such recovery, it was immaterial whether he had a wife, or a dozen children, or none. Such evidence could throw no light on the right of recovery, and could have no effect, except possibly to tend to prejudice the minds of the jury on the ground that the wife and child were cut off from their means of support by reason of the injury to the husband and father. Whatever may be the rule in a suit by a widow for the homicide of her husband, or by children for the homicide of their father (and as to that we are not now called on to rule), in a suit by a man for a personal injury to himself such evidence is inadmissible. On the subject of a suit for a homicide see *Central of Georgia Ry. Co.* v. *Pryor,* 142 *Ga.* 536·(2), 537 (83 S. E. 117) ; *Darby* v. *Moore,* 144 *Ga.* 758 (87· S. E. 1067).

2. If it stood alone, evidence that the plaintiff had had no

active employment from the first of December preceding the trial until the trial would not be admissible. But where this was coupled with evidence that he had lost his arm by reason of the injury complained of, unfitting him for work of the character which he had previously been doing, and that he had attempted to get work during the period named but had been unable to do so, it was admissible as throwing some light on the question of loss resulting from the injury. If there was a dullness in financial or commercial activities at that time, which might have affected the obtaining of employment, this might be shown, but it would not render the evidence inadmissible.

3. Where the judge informed the jury that they would have the plaintiff's petition and the defendant's answer with them in the jury-room and that those papers contained in detail the respective contentions of the parties, even if it was not an entirely accurate form of expression to add, "that is, the plaintiff in his declaration set out the reasons why he is entitled to recover," etc., the jury could not have misunderstood the judge as intimating that the plaintiff was entitled to recover. When these words are taken in connection with their context, the meaning plainly was that the plaintiff in his declaration set out the reasons why he contended that he was entitled to recover.

4. It was urged that the court did not in this charge or elsewhere instruct the jury as to the effect of an averment in the answer of the defendant that, for want of sufficient information, it could neither admit nor deny certain allegations of the petition. The court did instruct the jury, "with reference to the principal contentions, the issue in the case, where there is an allegation and charge made by the plaintiff and denied or not admitted by the defendant, that the burden of proof rests upon the plaintiff to establish by a preponderance of testimony the allegations and charges made against the defendant, and the contentions of liability and his right to recover." This was not as specific an instruction as the court might have given on the subject of an allegation by the plaintiff as to which the defendant answered, that, for lack of information, it could neither admit nor deny such allegation; but the judge having charged that the burden rested on the plaintiff as to allegations which the defendant denied, or did not admit, in the absence of a request to charge more fully on that subject, an omission to do so will not require a new trial.

5. One assignment of error was that the court erred in charging that the employee "never assumes any risk or danger that grows out of the negligence of the master." This charge stated the rule too broadly. It omitted any consideration of the question as to whether a risk thus arising was known to the employee or obvious to him, and whether he nevertheless continued in the employment of the master and in the discharge of the work involving such risk, at least without promise of correction or other modifying circumstance. *Emanuel* v. *Georgia & Florida Ry. Co.,* 142 *Ga.* 543 (83 S. E. 230). A charge should of course be adjusted to the evidence, and not given without foundation. But if there be evidence authorizing a charge on the subject of assumption by an employee of a risk arising from negligence of the master, the rule should be more accurately stated than it was. It has been held that the Federal employers' liability act, relating to carriers by railroad engaged in interstate commerce, does not exclude the doctrine of assumption of risks as a defense. Seaboard Air-Line Railway *v.* Horton, 233 U. S. 492 (34 S. E. 635, 58 L. ed. 1062). The court charged to the effect that one accepting employment assumes the ordinary risks incident to such employment, and can not recover on account of an injury from a risk so assumed. Two requests to charge on the subject of assumption of risks were made and refused, both apparently based on parts of the opinion in the Horton case, supra. Though the decision of the Supreme Court of the United States on a question involving an act of Congress is controlling, it does not follow that every expression used by the Justice writing the opinion must be given in charge by a trial court on request, provided he gives the substantial law on the subject. Indeed, a Justice of a court of review does not prepare an opinion for the purpose of having it cut up into sections to be given in its exact words as a charge to the jury. Sometimes the language of a part of an opinion is so expressed as to be suitable for use as a charge, and sometimes it is not so, however correct and accurate it may be for the purpose for which it was written. This is especially true in Georgia, where a trial judge is prohibited from expressing or intimating an opinion as to what has or has not been proved. *Atlanta & West Point R. Co.* v. *Hudson,* 123 *Ga.* 108, 109 (51 S. E. 29). Even the failure to give a correctly worded request will not require a reversal, if it is fully covered by the charge given. *Gramling* v. *Pool,* 111 *Ga.*

93 (2), 96 (36 S. E. 430); *Southern Cotton Oil Co.* v. *Skipper*, 125 *Ga.* 368 (3) (54 S. E. 110). In the case at bar the court denied an instruction on the subject of assumption or non-assumption of risks by an employee, arising from the master's negligence; but his instructions did not fully cover the rule.

6. The court refused a request to give in charge the following: "If you should find from the evidence that the plaintiff, Musgrove, had the choice of two ways of getting on his cab, the one safe and the other dangerous, I charge you that he was under a duty to the railroad company to select the safe way; and if, instead of so doing, he selected the dangerous way, and that he knew or ought to have known of the danger, he can not recover of the railroad company for injuries thus sustained." The rule invoked does not deal with the assumption of risks ordinarily incident to the business or arising from the master's negligence, but with the question of whether the employee negligently chose an unsafe way of performing his work, when there was a safe way of doing so. Under the Federal employers' liability act of 1908, in actions brought against an interstate common carrier by railroad to recover damages for a personal injury to an employee, contributory negligence does not bar a recovery, but will cause a diminution of the damages recoverable, except where a violation by the common carrier of a statute enacted for the safety of the employees contributed to the injury. If it were otherwise, it may well be doubted whether the charge requested was applicable to the facts of the case, or whether the expression "that he knew or ought to have known" is apt, without even saying by the exercise of reasonable care. The request was evidently taken from the decision in *Central Ry. Co.* v. *Mosely*, 112 *Ga.* 914 (38 S. E. 350). But the real point there involved was whether an employee who had the choice of two methods of doing a piece of work, one safe and the other dangerous, and who selected the latter with full knowledge of the danger, or under circumstances charging him with such knowledge, could nevertheless recover, when injured in such work, unless his conduct in choosing such dangerous way amounted to actual rashness. See, in this connection, *Central Railroad* v. *DeBray*, 71 *Ga.* 406.

None of the other grounds of the motion for a new trial require either discussion or a reversal.

*Judgment reversed. All the Justices concur.*