19872.   NORRIS *v.* THE STATE.

DECIDED JULY 31, 1929.

Hugh E. Combs, for plaintiff in error.

M. L. Felts, solicitor-general, contra.

BLOODWORTH, J. 1. The court properly overruled the demurrer to the indictment.

2. Special ground 4 of the motion for a new trial alleges error "because the charge of the court as a whole is confusing to the jury and amounted to an expression of opinion by the court that the crime alleged in the bill of indictment had been committed by some one or some of the defendants, and that there has been a conspiracy by them or some of them to commit the crime alleged in the bill of indictment." In Foote v. Kelley, 126 Ga. 799 (55 S. E. 1045), it was held: "The general exception to the entire charge of the court was not well taken, as the whole charge was not erroneous." Pulliam v. Adams, 142 Ga. 523 (83 S. E. 121); Bond v. Sullivan, 133 Ga. 161 (6) (65 S. E. 376, 134 Am. St. R. 199); Atlantic Coast Line Railroad Co. v. Nellwood Lumber Co., 21 Ga. App. 209 (2) (94 S. E. 86). Under the foregoing ruling the attack upon the charge as a whole is too general for this court to consider. The whole charge is not erroneous. Nor did the charge as a whole as complained of in this ground, nor did the judge in charging the jury as to the guilt or innocence of the joint defendant Robert Jenkins as complained of in special ground 5, "express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." See Penal Code, § 1058; Civil Code, § 4863.

3. Special grounds 6, 7, and 11 of the motion complain of alleged errors in certain portions of the charge. Under the explanatory note of the trial judge to these grounds there is no merit in either of them. If these excerpts contain errors they were caused by the request to charge made by the attorney for plaintiff in error. "A party can not complain of an error which he himself

has invited." *Gaskins* v. *State,* 12 *Ga. App.* 97 (4) (76 S. E. 777).

4. A certain bill of sale was offered in evidence. This was objected to as "illegal, immaterial, irrelevant, and in the nature of hearsay." This evidence was not in the nature of hearsay, and it has been repeatedly held by the appellate courts of this State that an objection that evidence was "illegal, irrelevant, and immaterial" is too general to be considered. *Staples* v. *State,* 37 *Ga. App.* 97 (2) (139 S. E. 94) ; *Stewart* v. *State,* 37 *Ga. App.* 387 (3) (140 S. E. 415) ; *Richardson* v. *State,* 141 *Ga.* 782 (2) (82 S. E. 134).

5. The State offered in evidence "some papers and some roots and a pocket-book." This was objected to as "hearsay, illegal, irrelevant, and inadmissible." The court overruled the objection and admitted the evidence. On motion of the solicitor-general this evidence was later ruled out. No objection was made to the motion of the solicitor-general to withdraw the evidence. A new trial should not be granted because of the withdrawal of this evidence. In *Alabama Great Southern Railroad Co.* v. *Hardy,* 131 *Ga.* 238 (62 S. E. 71), Presiding Justice Evans said (p. 241) : "A party who has offered testimony which the court has admitted against objection by the opposite party may, before the evidence is concluded, ask to have it withdrawn from the consideration of the jury, and the court may grant such motion. The opposite party can not complain of the withdrawal of evidence allowed over his objection, for such withdrawal would in effect be sustaining the objections made to it. . . It is always in order to strike out illegal evidence." In *Zipperer* v. *Savannah,* 128 *Ga.* 135, 139 (57 S. E. 311), Mr. Justice Evans said: "Where illegal or irrelevant testimony has crept into the record of the case, it is always in order to withdraw it. *Salter* v. *Williams,* 10 *Ga.* 187; *Davenport* v. *Harris,* 27 *Ga.* 68." See *Andrews* v. *Chason,* 15 *Ga. App.* 103 (2) (82 S. E. 636). The rulings in the above cases dispose of the alleged errors of which complaint is made in grounds 9 and 10 of the motion.

6. Grounds 12, 13, 14, and 15 of the motion are each qualified by a note of the trial judge. Under these qualifying notes there is no merit in any of these grounds.

7. For no reason urged against it was the evidence the admission

of which is complained of in grounds 16 and 17 of the motion for a new trial inadmissible.

8. There is evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*