### 28622. MURPHY *v.* CITY OF ATLANTA.

Decided March 21, 1941. Rehearing denied April 3, 1941.

*George G. Finch,* for plaintiff in error.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Frank A. Hooper Jr.,* contra.

MacIntyre, J. Charlie Murphy was convicted in the recorder's court of the City of Atlanta for the violation of a city ordinance which provides: "From and after the passage of this ordinance..

it will be unlawful for any person to drive any motor vehicle on any of the public streets or roads of this city at a speed in excess of 25 miles per hour." The evidence consisted of the testimony of the witness Longino, as follows: "Charlie Murphy was driving an automobile which is indicated on the attached drawing as 'A.' heading north on Martin Street. We were headed south on Martin Street. At a street intersection there was a police car which is identified by the letter 'B,' which was directly in front of us. We were in the car identified by the letter 'C.' When I saw Charlie Murphy I pulled my car out to the spot marked 'X' in order to block Murphy. It was my intention to arrest him and search him and his car. At that time I had no warrant for his arrest, and he was not violating any municipal ordinance, State or Federal laws. When I pulled alongside of the car marked 'B' so as to block Charlie, he drove his car as indicated by the dotted line across the sidewalk and drove off. I had no opportunity of checking his speed. I did estimate his speed, based solely on the sound of the motor, at 76 miles per hour. I turned around and chased him. He stopped at the first red light and I then arrested him. I had no authority to arrest him for the violation of any law at the time of my attempt to block him, and so far as I know he was not then violating any law or ordinance." The defendant stated: "I only used such speed as was necessary to prevent an unlawful and illegal search and seizure by officer D. R. Longino."

At the conclusion of the evidence the accused moved to dismiss the case on the ground that he had used only such speed as was necessary to prevent an illegal arrest and search, and that the officer had no right or authority to block him and attempt to arrest him at a time when he was violating no law or ordinance, and when the officer had no warrant for his arrest. This motion was overruled, and the recorder entered a judgment and imposed a sentence as follows: "The defendant adjudged guilty. And it is ordered that said defendant pay a fine of forty ($40) dollars and two ($2) dollars costs; and that in default of such payment said defendant work on the streets or public works of said city 30 days under the direction of the superintendent of public works."

Murphy filed a petition for certiorari on the ground that the judgment and sentence was illegal, for the following reasons: 1. Because the judgment was contrary to the evidence and without

evidence to support it. 2. Because the court erred in overruling the defendant's motion to dismiss the charge of speeding, which was based on the ground that he had a right to use such means as were reasonably necessary to prevent an unlawful arrest. 3. Because the officer was unable to testify from the sound of the motor as to the speed the defendant was going, he not knowing whether the motor was in low gear or whether the defendant was racing the motor with the clutch disengaged. The judge overruled the certiorari and the defendant excepted.

■■ The accused was charged with driving a motor vehicle on a public street of the City of Atlanta at a speed in excess of 25 miles per hour. The witness Longino testified in part as follows: "I had no opportunity of checking his speed. I did estimate his speed, based solely on the sound of the motor, at 76 miles per hour. I turned around and chased him." The insistence of counsel is that the officer was unable to testify from the sound of the motor as to the speed of the defendant. We can not hold as a matter of law that such testimony has no probative value as to speed. Frequently the rate of speed is only an opinion. The ground given by the witness as the basis of his estimate was not so devoid of reasonableness as to make it entirely conjectural, although there may be better foundation for estimating the rapidity of movement of an automobile than the sound of the motor. In the motion "to dismiss the case," it is insisted that the conviction can not be supported for the reason that the accused at the time was using only such speed as was necessary to prevent an illegal arrest or search. In essence the contention is that in order to avoid being illegally arrested and searched one may violate the speed law. Conceding that one has the right to use such force as may be necessary to prevent an illegal arrest, and that in the present instance speed may occupy the place of force, it does not follow that one may not be convicted of violating a speed ordinance merely because in speeding he is being pursued by one with the intent to arrest and search him, and who, after the car stopped, did arrest him. This is true even though the evidence showed that at the time the officer intended to arrest him, immediately before the speeding, he had no warrant for the arrest, and the accused was not at that time violating any municipal ordinance, or any State or Federal law. In the officer's presence the accused violated the ordinance. That justified his arrest without a warrant. Code, § 27-207.

■ The exception here is not to an ordinance authorizing or attempting to authorize the imposition of costs against the defendant in the recorder's court in the City of Atlanta, but is that the recorder's court is without authority, under the charter of the city, with or without an ordinance, to impose a judgment for costs against the defendant. The recorder's court of Atlanta has authority to impose costs on one convicted therein of the violation of a municipal ordinance. Section 364 of the charter (as embodied in Atlanta City Code, 1924) is as follows: "When sitting as a recorder's court, he [the recorder] shall have full power and authority concurrent with the mayor, mayor pro tem, or one member of the general council, to try all offenders against the ordinances of said city, and impose such penalties for violation thereof as may be prescribed by the ordinances of said city." In addition to the foregoing, this power has been impliedly recognized by the General Assembly. The act of February 15, 1933 (Ga. L. 1933, p. 213, § 10), setting up a pension fund for policemen in the police department and appropriating 25 per cent. of all moneys collected in fines and costs in the recorder's court to the pension fund, impliedly recognizes the right under consideration. The case of *Leonard* v. *Eatonton*, 126 *Ga.* 63 (54 S. E. 963), does not support the position of plaintiff in error. It was stated in that opinion that the answer of the mayor to the writ of certiorari showed that there was no ordinance of the City of Eatonton so providing, and for this reason the court held that to the extent of the costs imposed the judgment or sentence there imposed was not lawful. The court expressly declined to decide whether a portion of the charter relied on was sufficiently broad to authorize the passage of an ordinance of the kind here involved.

*Judgment affirmed. Broyles, C. J., concurs.*

GARDNER, J., dissenting. As to the sacred right of freedom from illegal arrest there has been much written, done, and said. Without dealing with the question whether the City of Atlanta by the illegal acts of its officers could provoke a violation of its laws and thereafter accuse, convict, and punish, and conceding, but not deciding, that the city might prosecute under the circumstances of this case for a violation of its regulatory speed ordinance, where the officers without obvious excuse admittedly were attempting an illegal arrest, the writer can not, under the record of this case,

agree that the sound of the motor alone was sufficient on which to base an estimate of the speed of the car. I think the judgment should be reversed on this point. I concur in the third division of the opinion.