30550. GEORGE A. RHEMAN COMPANY INC. *et al.*
*v.* MAY *et al.*

652

Decided September 20, 1944. Rehearing denied October 27, 1944.

*Bussey, Fulcher & Hardin, Stevens & Stevens,* for plaintiffs in error.

*Randall Evans Jr., Jack D. Evans, J. Glenn Stovall, T. Reuben Burnside, Bryan, Carter & Ansley, Hull, Barrett, Willingham & Towill,* contra.

Parker, J. Claude Adams May sued George A. Rheman Company Inc., Clinton Thompkins Ouzts, the driver of its truck, and American Fidelity & Casualty Co., its insurance carrier (one group of defendants) ; Reliable Transfer Company, James Hardaway, its truck driver, and Liberty Mutual Insurance Company, its insurance carrier (another group of defendants) ; and S. A. Blanchard, the owner of an ambulance that had a collision with the Rheman Company truck, for injuries received while he was riding as a patient in the ambulance. The collision occurred at the intersection of State Highways 78 (Hill Street) and 17 (Jackson Street) in Thomson, Georgia.

It was alleged that before daylight on the morning of November 28, 1942, the plaintiff, having been attacked with a sudden illness, was, upon the advice of his physician, being carried to the hospital at Washington, Georgia, for emergency treatment, in the ambulance of S. A. Blanchard, who was engaged in furnishing ambulance service to patrons in McDuffie and surrounding counties; that the ambulance was driven from the plaintiff's home towards Thomson, a distance of about three miles and on the way to Washington; that an ordinance of the City of Thomson limited the speed of motor vehicles to twenty miles per hour within the corporate limits; that as the ambulance approached the intersection it was being driven in excess of twenty miles per hour, and that a large truck owned by the Reliable Transfer Company, under the control and operation of the defendant Hardaway, was parked in such a way as to be partly in the street intersection; that

the parked truck partially obstructed the view of the portion of the crossing highway extending to the right of the moving ambulance; that a large gasoline transport truck owned by the Rheman Company and driven by the defendant Ouzts approached from the right along the crossing highway, traveling at a speed of from sixty-five to seventy miles per hour; that the parked truck obscured the vision of both the ambulance driver and the driver of the gasoline truck so that neither could see clearly the approach of the other; that nevertheless each driver proceeded across the intersection and a collision of the ambulance and the gasoline truck took place, resulting in the plaintiff's being seriously, painfully, and permanently injured; that the defendant Blanchard was liable for the acts of his driver, Gordon Dunn, including the violation of the municipal speed limit; that the Rheman group of defendants was responsible for the several alleged acts of negligence of Ouzts, including the violation of the municipal speed limit; and that the Reliable group of defendants was responsible for the alleged acts of negligence of Hardaway, including his leaving the Reliable Company truck parked in the intersection so as to obstruct the view of the other drivers, and in the violation of certain rules of the Georgia Public Service Commission with respect to his handling of the truck in his custody. The Rheman group of defendants duly answered the petition, and by way of amendment alleged that the sole proximate cause of the collision was the negligence of Gordon Dunn, the driver of the ambulance, in operating it at a high and reckless rate of speed in excess of twenty miles per hour, violative of the municipal ordinance; in his not observing the traffic approaching from his right and failing to yield the right of way to the gasoline truck entering the intersection first; in his operating the ambulance while under the influence of intoxicating liquors; and in several other particulars not necessary to enumerate here. The pleadings filed by the Reliable group of defendants were the same (almost verbatim) as those of the Rheman group. On the trial of the case the jury rendered a general verdict for the plaintiff in the amount of $30,000, and judgment in that amount was entered against all of the defendants jointly. A motion for new trial was made by the Rheman group of defendants and a separate motion made by the Reliable group. Both motions were amended, and both were overruled. The exception to the overruling

of the Rheman group's motion accounts for the instant case in this court. Error is also assigned on exceptions pendente lite complaining of two rulings made by the court, the subject-matter of which, however, is amply dealt with in two of the special grounds for a new trial. Other material facts will appear in connection with our discussions and rulings herein.

■ The amendment to the motion for new trial sets out four special grounds of alleged error, numbered 4 to 7 inclusive. Ground 4 complains of the refusal of the court to declare a mistrial because of alleged prejudicial statements as to the financial condition of the plaintiff, made in the presence of the jury by counsel for the plaintiff in responding to an inquiry by the court as to whether the case would be reported under the rule. As we are ordering a new trial on other points which we think are controlling, and as the question presented by this ground will not likely arise upon another trial, we consider it needless to pass on this question at this time.

■ Ground 7 alleges error as to American Fidelity & Casualty Company, in that its policy as an insurance carrier for the Rheman Company was for $10,000 only, and the general verdict against all of the defendants was for $30,000. While a surety on a bond is not liable for more than the penalty in the bond with interest thereon (*Westbrook* v. *Moore,* 59 *Ga.* 204), "the plaintiff is not restricted in his recovery to the amount mentioned in the bond, so far as the defendant, the principal in the case, is concerned." *Phillips* v. *Taber,* 83 *Ga.* 565 (10 S. E. 270). "The whole judgment will not be set aside because of error as to a part thereof, where it can be determined from the record how much is erroneous." *Johnston* v. *Sheppard,* 22 *Ga. App.* 206 (95 S. E. 743); *Jones* v. *Findley,* 84 *Ga.* 52 (10 S. E. 541). "If a part of a verdict shall be legal and a part illegal, the court will construe such verdict and order it amended by entering a remitter as to that part which is illegal, and give judgment for the balance." Code, § 110-112. The verdict for an amount in excess of the policy of the American Fidelity & Casualty Company was not valid against it as to the excess, but was not invalid by reason of the amount as to its principal, and can not be wholly set aside because it was partly legal and partly illegal. It may be treated as an irregularity as to the complaining insurance carrier, and "an

irregularity in the judgment, apparent on the face of the record, may often be corrected." *Latimer* v. *Sweat,* 125 *Ga.* 475 (3) (54 S. E. 673); *Johnston* v. *Sheppard,* supra. Furthermore, it appears that the plaintiff undertook to correct any error or irregularity in the verdict as to this insurance carrier by moving the court to limit the judgment as to this party to the amount of its policy. This motion was objected to by the complainant and (if the ruling was error) "a party will not be heard to complain of an error which he has invited." *Norris* v. *State,* 40 *Ga. App.* 232 (149 S. E. 158). We therefore hold that this ground of the motion is without merit.

■ Ground 5 sets up alleged error by the court in charging the jury as follows: "There has been introduced in this case an ordinance of the City of Thomson which provides as follows: 'The speed limitations set forth in this section shall not apply to authorized emergency vehicles when responding to emergency calls or when in immediate pursuit of an actual or suspected violator of the laws of this State, provided however, that all such emergency vehicles shall observe the limitations hereinabove imposed at all times other than those specified in this paragraph, and this provision shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the public streets and highways, nor shall it protect the driver of an emergency vehicle from the consequences of reckless disregard of the safety of others.'" Error is assigned in ground 6 on the refusal of the court to charge a written request as follows: "I charge you that under the law an emergency vehicle such as an ambulance, in responding to emergency calls, is nevertheless subject to the traffic regulations of the City of Thomson regarding motor vehicles, and you have in evidence the ordinance of the City of Thomson limiting the speed of motor vehicles to twenty miles per hour, and this speed applies to the ambulance in the present case; and if you believe from the evidence that the ambulance exceeded the speed of twenty mils per hour and this was the sole proximate cause of the collision, then plaintiff is not entitled to recover against George A. Rheman Company Inc., Clinton Thompkins Ouzts, and American Fidelity & Casualty Company, and your verdict should be for these defendants." Since these two grounds relate to the same alleged error they will be treated to-

gether. These grounds present what seems to us to be the controlling question in this case. That question is whether the ordinance of the City of Thomson limiting the speed of motor vehicles to twenty miles per hour applied to the ambulance of the defendant Blanchard in which the plaintiff was riding when it collided with the truck. The material parts of the ordinance are as follows: "Be it ordained by the authority of the mayor and council of the City of Thomson, and it is hereby ordained by authority of same, that from and after the passage of this ordinance it shall be unlawful for *any motor vehicle* within the corporate limits of the City of Thomson to exceed the limit of twenty miles per hour." (Italics ours.) A copy of this ordinance was attached as an exhibit to the plaintiff's original petition, and allegations were made therein that the lawful rate of speed in Thomson was twenty miles per hour, and the ordinance was especially pleaded and relied on by the plaintiff. One of the acts of negligence alleged by the plaintiff against the owner of the ambulance was that his driver "drove the ambulance inside the city limits of Thomson on Jackson Street in excess of twenty miles per hour in violation of the city speed limit." We recite these facts because of the contention now made by the plaintiff that the speed limitation in the City of Thomson did not apply to the ambulance.

The Code, § 68-301, as amended by the act of 1939 (Ga. L. 1939, p. 295, Ga. Code Ann., § 68-301), prescribes speed limits generally for motor vehicles in this State. Paragraph (d) of the section provides: "The speed limitations set forth in this section shall not apply to authorized emergency vehicles when responding to emergency calls or when in immediate pursuit of an actual or suspected violator of the laws of this State; provided, however, that all such emergency vehicles shall observe the limitations hereinabove imposed at all times other than those specified in this paragraph, and this provision shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the public streets and highways, nor shall it protect the driver of any emergency vehicle from the consequences of reckless disregard of the safety of others." Paragraph (e), following immediately after paragraph (d), reads as follows: "Provided however, that nothing in this section shall affect the rights of municipalities to regulate speed of motor vehi-

cles within their corporate limits, when said speed limit is equal to or less than the maximum speed provided for in this section." The court charged paragraph (d) of the Code section as complained of in ground 5, apparently inadvertently referring to it as an ordinance of the City of Thomson. The inadvertence alone would not in our opinion be cause for a new trial. Calling a Code section by mistake a city ordinance ordinarily would not be sufficiently harmful to justify the grant of a new trial. However, the charge was error because it conveyed to the jury the impression at least that the ambulance was not subject to the speed limit of twenty miles per hour as prescribed by the city ordinance. The refusal of the court to charge the effect of paragraph (e), reserving in municipalities the right to regulate within their corporate limits the speed of motor vehicles, and that the ambulance was subject to the twenty-mile limitation imposed by the municipal ordinance, as requested in writing, when considered in connection with the other charge complained of, likewise was error. We think these errors were sufficiently harmful to the plaintiffs in error, as codefendants in the lower court with the ambulance owner, to demand the granting of a new trial. The trial court seems to have submitted the case to the jury on the theory that the exemption from general speed limitations of authorized emergency vehicles under the conditions set forth as provided by the State statute, was controlling on municipalities. To that conclusion we can not agree. The law says that nothing in the section shall affect the rights of municipalities to regulate speeds within their corporate limits, and no exceptions are made in favor of any class of vehicles. As to the rights of municipalities to regulate the speed of motor vehicles within their corporate limits, in ways not inconsistent with State laws, see *Carter* v. *State,* 12 *Ga. App.* 430 (78 S. E. 205); *Western & Atlantic Railroad* v. *Swigert,* 57 *Ga. App.* 274 (2) (195 S. E. 230); *Murphy* v. *Atlanta,* 64 *Ga. App.* 752 (14 S. E. 2d, 232). We think that we should add that nothing herein said is to be construed as holding that the ambulance involved in this case was an "authorized emergency vehicle" within the meaning of the State law. Such vehicles are not defined in the section of the Code regulating speeds, and, in view of our rulings herein, we do not deem it necessary to determine whether the ambulance involved in

this case was an authorized emergency vehicle as contemplated by the statute.

■ The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*