## 36005. FREEDMAN *v.* PETTY.

DECIDED FEBRUARY 20, 1956—REHEARING DENIED MARCH 13, 1956.

*Cohen, Roberts & Kohler,* for plaintiff in error.

*Robert S. Dennis,* contra.

NICHOLS, J. The defendant, in his brief, abandoned the general grounds of his motion for new trial, and they will not be considered.

1. The defendant in the first special ground of his motion for new trial excepts to the overruling of an objection to an ordinance of the City of Atlanta being admitted in evidence. The objection made on the trial was as follows: "I object to the admission in evidence of Section 30.163 (b) of the City Code of Atlanta, which is set out in Paragraph 14 of the plaintiff's petition, upon the ground it is irrelevant and immaterial and inapplicable to the instant case."

"An objection to evidence as 'irrelevant and immaterial' is too general and is insufficient to present anything for the consideration of the reviewing court." *McBride* v. *Johns,* 73 *Ga. App.* 444, 445 (36 S. E. 2d 822), and cases cited. The fact that the phrase "and inapplicable to the instant case" is added does not change this rule since *inapplicable* is nothing more than a synonym of *immaterial.*

2. The defendant's second special ground contends that the trial court erred in refusing to charge a written request of the defendant, which stated in effect that, if the jury found that the automobile stopped at the intersection of Lee Street and Lawton Avenue had stopped for any purpose other than to permit a pedestrian to cross Lee Street, then the defendant would not be guilty of negligence per se in passing the stopped automobile. The defendant's third special ground complains of a part of the trial court's charge to the jury, which charged in effect that, if the jury found that the car stopped at the intersection of Lee Street and Lawton Avenue, S. W., had stopped for the purpose of permitting a pedestrian to cross, they would then, and only then, take into consideration an ordinance of the City of Atlanta that

prohibits the passing of an automobile going in the same direction when such automobile has stopped to permit a pedestrian to cross the street at marked crosswalks or at intersections.

The charge given, and complained of in the third special ground, gave the jury the same law as that requested by the defendant in the second special ground. Both charged the jury that the defendant would not be guilty of negligence per se in passing the stopped automobile unless the jury found that the automobile had stopped for the purpose of permitting a pedestrian to cross the street. "If the trial judge fully and correctly charges the law in regard to a particular issue, it will not furnish any ground of reversal that he did not charge on that subject in the language of the written requests made by counsel." *Southern Cotton Oil Co.* v. *Skipper*, 125 *Ga.* 368 (3) (54 S. E. 110). See also *Macon &c. Railroad Co.* v. *Musgrove*, 145 *Ga.* 647, 650 (89 S. E. 767); *Johnson* v. *Sherrer*, 185 *Ga.* 340 (195 S. E. 149); and *Southern Ry. Co.* v. *Garland*, 76 *Ga. App.* 729, 743 (47 S. E. 2d 93).

Accordingly, there is no merit in the second special ground. The third special ground, which complains of that part of the charge which stated the law requested by the defendant in his second special ground, is necessarily without merit. Therefore the trial judge did not err in denying the defendant's motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*