36456. BURGAMY *v.* MELTON.

DECIDED FEBRUARY 18, 1957—REHEARING DENIED MARCH 11, 1957.

*Martin, Snow & Grant*, for plaintiff in error.

*S. Gus Jones, Neal D. McKenney, Kennedy, Kennedy & Seay,* contra.

NICHOLS, J. ■ The special ground of the motion for new trial numbered 6 was expressly abandoned in the defendant's brief, and is therefore not considered.

■ Special ground 5 complains of certain excerpts from the charge. An examination of these excerpts discloses that they were correct as abstract principles of law and were adjusted ·to the pleadings and evidence in the present case, and were therefore not error for any reason assigned. Particularly is this true in the case of the first excerpt complained of which was requested by the movant. See *Freedman* v. *Petty*, 93 *Ga. App.* 590 (92 S. E. 2d 588).

■ Special ground 4 complains of the following excerpt from the charge: "I charge you further, gentlemen, that while a person under a handicap, if any, is under the duty to exercise ordinary care and diligence, the knowledge of a defendant that such person is in a position of danger, if any, is a circumstance that may be considered by you in the case."

A mere reading of the above excerpt shows that no opinion

was expressed by the trial judge as contended by the movant. The evidence presented on the trial of the case authorized the charge inasmuch as the defendant stated on the trial of the case that he knew something was wrong with the deceased but he did not know what. It has long been the law in Georgia that if a defendant knows a plaintiff is in a position of danger and knows that the plaintiff is disabled from any cause the jury may consider such fact. See *Rollestone* v. *Cassirer & Co.*, 3 *Ga. App.* 161 (4) (59 S. E. 442). Therefore the contention of the movant that this charge placed an undue burden on him not authorized by the law and evidence is without merit.

■ The general grounds of the motion for new trial and the motion for a judgment non obstante veredicto will be considered jointly inasmuch as the ruling on the one controls the other.

The record of the evidence adduced on the trial of the case consists of over 200 pages, and it would indeed serve no useful purpose to set forth this lengthy evidence in detail. The record discloses that the plaintiff introduced medical testimony which authorized the jury to find that the deceased died as the result of injuries received at the time the trailer allegedly struck him, and, although the evidence was somewhat in conflict on this issue and on the issue of the earnings of the deceased, the amount of the verdict was authorized by the evidence.

The plaintiff's case, although made out primarily by circumstantial evidence, supported the allegations of the petition that the trailer being pulled by the truck being driven by the defendant struck the deceased at the time in question, causing him to be thrown to the ground under the trailer where he received the injuries which caused his death thirteen days later. Therefore, the trial court did not err in denying the motion for new trial on the general grounds or the motion for a judgment non obstante veredicto.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*