## 50657. GOLD KIST, INC. v. STOKES.

ARGUED APRIL 30, 1975 — DECIDED MARCH 15, 1976 — REHEARING DENIED APRIL 28, 1976.

*R. H. Reeves, III, Alston, Miller & Gaines, James S. Stokes, IV,* for appellant.

*Harry H. Hunter,* for appellee.

DEEN, Presiding Judge.

■ Code § 109A-2—615 provides in part: *"Except so far as a seller may have assumed a greater obligation . . .:* (a) Delay in delivery or nondelivery in whole or in part by a seller. . . is not a breach of his duty under a contract for sale if performance as agreed has been made impracticable by the occurrence of a contingency the nonoccurrence of which was a basic assumption on which the contract was made." The court charged subdivision (a) supra but failed on request to charge the italicized limiting clause. This was error. The contracts, after specifying the measure of damages for nondelivery generally, based on market price at the time of breach, further provided that, *notwithstanding this,* if the producer is unable to deliver the quantity contracted for *solely because of reasons beyond his control,* the measure of damages for failure to deliver is the difference between contract and market price on the day of breach. This is the ordinary measure of damages set by Code § 109A-2—713 (1). Whether this clause placed a greater obligation on the seller than he would have had under subdivision (a) under testimony that the beans had been destroyed by fire, the cause of which was undetermined, is at the very least a jury question. The charge on the limitation was pertinent, material and relevant.

Fire which destroys the seller's factory (or, in this case, his storage bin) along with goods not identified to the contract (which these were not), and which thereby renders performance impossible, may be assumed to be a contingency the nonoccurrence of which was a basic assumption on which the contract was made. 67 AmJur2d 513, Sales, § 362, n. 87. But this provision will not apply where the seller has assumed a greater obligation. To assume such an obligation, "a contract must contain an

affirmative provision that the seller will perform the contract even though the contingencies. . .might occur." *Mansfield Pro. Gas v. Folger Gas Co.,* 231 Ga. 868, 870 (204 SE2d 625). An affirmative provision in the contract that the seller agrees to pay stipulated damages upon the occurrence of an event making performance impossible necessarily implies that a breach of contract under those conditions is conceded, and places upon the seller a greater obligation than might otherwise exist.

■ The evidence poses several ambiguities, chief among them the question of whether the contract was breached and if so by whom. Was the buyer's refusal to take a tendered delivery because of lack of storage space such a breach? Was there prior notification of this condition? If a breach, was notification of subsequent ability to receive shipments necessary? Did the seller give notice of impossibility of performance after the fire? Did the jury in fact believe that the seller repudiated the contract on November 27? If the jury's answer to the first or last question is negative, then the buyer itself repudiated the contract by filing this action on December 19, the contract giving the seller until December 31 to perform. No matter which of these contingencies the jury may have believed, its verdict is not supported by the evidence. If Gold Kist was at fault, or if performance was excused, the seller owes nothing. Otherwise, he is liable within the terms of his contract commitment. Under those terms a verdict for some three thousand dollars is not justified under any theory. The stipulated measure of damages in case of nonperformance because of reasons beyond the producer's control is the difference between the market price and the contract price on the date of breach, which the plaintiff is entitled to recover if entitled at all. If he repudiated the contract he owes at least as much. On the other hand, should the jury find for the defendant the plaintiff is entitled to recover nothing. Accordingly, a verdict for the plaintiff in a sum of approximately one fifth of the measure of damages to be applied in such case is unsupported by evidence. *National Fowler Bank v. Burch,* 6 Ga. App. 79 (64 SE 282); *Slater v. Russell,* 100 Ga. App. 563 (112 SE2d 178); *Sims v. Cox,* 40 Ga. 77.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*